# Exhibit B

## A10288 Summary:

| | |
|---|---|
| BILL NO | A10288A |
| SAME AS | SAME AS |
| SPONSOR | Aubry (MS) |
| COSPNSR | Wright, Benjamin, Camara, Benedetto, Millman, O'Donnell, Schroeder, Jaffee, Lafayette, Greene, Espaillat, Jeffries, Clark, Towns, Kavanagh, Robinson, Ortiz, Rosenthal |
| MLTSPNSR | Boyland, Cook, Diaz R, Glick, Heastie, John, Maisel, McEneny, Peoples, Reilly, Scarborough, Titone, Young |

Amd SS380-c & 380-g, Gen Bus L; add S201-f, Lab L

Requires an employer that receives a consumer report to provide the subject of such report a copy of the laws governing the employment of persons previously convicted.

A10288 Memo:

NEW YORK STATE ASSEMBLY
MEMORANDUM IN SUPPORT OF LEGISLATION
submitted in accordance with Assembly Rule III, Sec 1(f)

BILL NUMBER: A10288A

SPONSOR: Aubry (MS)

TITLE OF BILL: An act to amend the general business law and the labor law, in relation to the provision of criminal record conviction information in certain instances

TITLE OF BILL: An act to amend the general business law, in relation to the provision of a consumer report that contains criminal conviction information

PURPOSE: To require employers and potential employers to include a copy of Article 23-A of the Correction Law when providing a consumer

report containing criminal conviction information to a third party and to require the posting of Article 23-A in various places of employment.

SUMMARY OF SPECIFIC PROVISIONS: Section 1 and 2 of the bill amends the General Business Law to require potential employers to include a copy of article 23 -A of the Correction Law when providing a consumer report including criminal conviction information to a third party.

Section 3 amends the Labor Law by adding a new section 201-f stating that every employer shall post, in a visually conspicuous manner, a copy of Article 23-A of the Correction Law relating to the licensure and employment of persons previously convicted of one or more criminal offenses.

Section 3 is the effective date.

JUSTIFICATION: Upon return to the community following incarceration, individuals are expected to find and maintain gainful employment. Finding effective ways to manage their reentry into the workforce is crit-

ical to promoting public safety and curbing recidivism rates and the high costs of re-incarceration. Unfortunately, many employers maintain blanket barriers to employment based solely on criminal conviction records even when the conviction may be completely unrelated to the job sought and no threat to the public or property is present. These employers often claim ignorance of the existence of Article 23-A of the correction law, which outlines standards for the consideration of jobseekers with criminal records and makes it illegal to automatically deny employment based on a criminal conviction.

Moreover, as highlighted in a 2007 report, The Independent Committee on Reentry and Employment: Report and. Recommendations to New York State on Enhancing Employment opportunities for Formerly Incarcerated People, "ignorance - both ignorance about the law and ignorance about the population in question - poses a significant barrier to employment for indi-

viduals with a criminal record. Employers are largely unfamiliar with New York State laws governing employment discrimination and the hiring or individuals with a criminal record. Some employers consider arrests not leading to a conviction in the hiring practice and others conceal the findings of criminal background checks from potential employees." With the recent explosion in technology and the exponential increase in the availability of inexpensive commercial background checks, employers have easy access to criminal history information. A report from the Society for Human Resource Management shows that 80 percent of companies said they run a criminal check on applicants before hiring, up nearly 30 percent from 1996 -- making the practice as common as checking references or prior work histories. Large firms were the most likely to run criminal checks, but nearly 70 percent of small companies also said they checked on a potential hire's criminal history.

Once this information is obtained, employers have repeatedly dismissed qualified applicants and terminated employees based solely on their criminal histories, even if there is no direct relationship between the criminal offense(s) and the job and no unreasonable risk to the safety to the public or property, the criteria upon which an employer can deny a job to an applicant or terminate an existing employee.

The enactment of this bill will help ensure that employers and prospective employees are informed about the mandates of Article 23-A of the correction law. This will help to avoid illegal discrimination against persons with a criminal conviction.

FISCAL IMPLICATIONS FOR STATE & LOCAL GOVERNMENTS: There is no state fiscal impact.

PRIOR LEGISLATIVE HISTORY: New bill.

EFFECTIVE DATE: This act shall take effect immediately.