

**Littler Mendelson, P.C.**
375 Woodcliff Drive
2nd Floor
Fairport, NY  14450

Jacqueline Phipps Polito
585.203.3413 direct
585.203.3400 main
585.486.1774 fax
jpolito@littler.com

March 6, 2019

**VIA ECF**

Hon. Charles J. Siragusa
United States District Judge
1360 U.S. Courthouse
100 State Street, Room 127
Rochester, New York 14614

Re:   *Mandala et al. v. NTT Data, Inc.*
        Civil Action No.: 6:18-cv-6591-CJS

Dear Judge Siragusa:

This Firm represents Defendant NTT DATA, Inc. ("Defendant") in the above captioned matter.  We submit this Notice of Supplemental Authority in further support of Defendant's Motion to Dismiss the Class Action Complaint in its entirety and with prejudice (Dkt. 9), and in response to Plaintiffs' Notice of Supplemental Authority dated February 22, 2019 (Dkt. 15) (the "Plaintiffs' Notice").

As an initial matter, Defendant respectfully submits *Evans v. City of Philadelphia*, No. 18-1947, 2019 WL 581555 (3d Cir. Feb. 13, 2019) (attached as Exhibit A).  In *Evans*, the Third Circuit explained that the plaintiff could not establish a *prima facie* case of Title VII disparate impact race discrimination because she purported to rely on statistics that "misidentifie[d] the relevant comparator pool."  *Evans*, 2019 WL 581555 at *2.  The court affirmed the district court's decision denying plaintiff's motion to amend her complaint to add a disparate impact race discrimination claim based on the City's drug testing policy as futile.  *Id.*  The court's decision in *Evans* emphasizes that if a plaintiff attempts to plead statistics to overcome the *Iqbal* threshold, as Plaintiffs do here, the statistics must be <u>well pleaded</u> facts sufficient to support the disparate impact allegations, including correctly identifying the relevant comparator pool and the purported disparity.

Plaintiffs' supplemental authority, *Jackson v. Tryon Park Apartments, Inc.*, No. 6:18-cv-06238, 2019 WL 331635 (W.D.N.Y. Jan. 25, 2019), is inapposite.   Plaintiffs contend that, in *Jackson*, the court found that the plaintiff's allegation of a neutral policy "in conjunction with statistics showing that African Americans interact with the criminal justice system at greater rates than the general population, 'plausibly alleged a disparate impact claim.'"  (Pl. Notice at 1-2).  To the contrary, the court did not even mention—let alone rely on—allegations of general statistics concerning African Americans and the criminal justice system. Instead, the court referenced plaintiff's allegation that "empirical evidence shows that . . . in New York State, blanket bans on eligibility, based on criminal history, <u>result in the denial of housing opportunities</u> at a disproportionate rate for African Americans[,]" and determined that plaintiff plausibly alleged a

Hon. Charles J. Siragusa
March 6, 2019
Page 2

disparate impact claim under the Fair Housing Act "[b]ecause the statistical racial disparity that [p]laintiff relies on is <u>directly related to defendants' policy of excluding a person with a felony conviction</u>" from housing. *Jackson*, 2019 WL 331635 at *3 (emphasis added). In material contrast, here, Plaintiffs' allegations of general population statistics have no connection whatsoever to Defendant's alleged hiring policy. *See* Def. Motion at 9-10; Def. Reply at 3-5. This, among other things, is fatal to their disparate impact claim, and the court's decision in *Jackson* has no impact on that conclusion.

Respectfully submitted,

*/s/ Jacqueline Phipps Polito*

Jacqueline Phipps Polito

Enclosure

cc:     All Counsel of Record (via ECF)

# EXHIBIT A

# EXHIBIT A

Case 6:18-cv-06591-MAV-CDH   Document 16   Filed 03/06/19   Page 4 of 6
Evans v. City of Philadelphia, --- Fed.Appx. ---- (2019)
2019 WL 581555, 2019 Fair Empl.Prac.Cas. (BNA) 48,535

2019 WL 581555
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued
on or after Jan. 1, 2007. See also U.S.Ct. of
Appeals 3rd Cir. App. I, IOP 5.1, 5.3, and 5.7.
United States Court of Appeals, Third Circuit.

Michele EVANS, Appellant
v.
CITY OF PHILADELPHIA

No. 18-1947
|
Submitted February 5, 2019
|
(Filed: February 13, 2019)

On Appeal from the United States District Court for the Eastern District of Pennsylvania (D.C. No. 2-16-cv-01897), District Judge: Honorable Nitza I. Quinones Alejandro

**Attorneys and Law Firms**

J. Stephen Woodside, Esq., Bala Cynwyd, PA, for Plaintiff - Appellant

Elise M. Bruhl, Esq., Duncan M. Lloyd, Esq., Nicole S. Morris, Esq., City of Philadelphia, Law Department, Philadelphia, PA, for Defendant - Appellee

Before: HARDIMAN, SCIRICA, and RENDELL, Circuit Judges.

OPINION [*]

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, Circuit Judge.

**\*1** Michele Evans appeals the District Court's order denying her motion to amend her complaint to add a disparate impact discrimination claim. We will affirm.

I [1]

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001).

Evans brought this employment action against the City of Philadelphia after she was terminated from the Philadelphia Police Department following a positive drug test. As relevant here, Evans brought a claim for disparate treatment race discrimination under Title VII of the Civil Rights Act of 1964. After the City filed a motion for summary judgment, Evans moved to amend her complaint to add a disparate impact claim under Title VII. The District Court denied Evans's motion, concluding that she acted with undue delay and proposed a futile amendment. The Court then entered summary judgment for the City. Evans now argues that the District Court abused its discretion in denying leave to amend on the grounds of undue delay and futility.

A

Regarding the District Court's denial of her motion for leave to amend based on delay, Evans argues her motion was timely because the City failed to respond to her requests for discovery of disparate impact. She contends she was diligent in seeking disparate impact evidence and had no basis to bring that claim until the City disclosed supportive statistical evidence during a deposition taken several months after she initially requested the information. On Evans's view, the delay was attributable to the City's dilatory conduct alone.

The District Court held otherwise, finding that Evans acted with undue delay, offering "no credible explanation" for asserting a new theory of recovery nearly four months after the close of discovery and nearly one month after the City moved for summary judgment. *Evans v. City of Philadelphia*, 2018 WL 1525346, at \*7–8 (E.D. Pa. Mar. 28, 2018). Although Evans filed a motion to compel the City to produce the evidence requested, she did so after the discovery deadline, making it untimely.

Case 6:18-cv-06591-MAV-CDH   Document 16   Filed 03/06/19   Page 5 of 6
Evans v. City of Philadelphia, --- Fed.Appx. ---- (2019)
2019 WL 581555, 2019 Fair Empl.Prac.Cas. (BNA) 48,535

So the Court decided that allowing Evans to amend her complaint at that stage would unduly prejudice the City.

We agree with the District Court's analysis. The Court had discretion to deny the motion to amend if the record indicated that Evans had acted with undue delay. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). While delay alone is insufficient to justify denying leave to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Evans's attempt to blame the City alone for the delay**,** mischaracterizes the discovery process in this case. The City did not produce disparate impact evidence for good reason: prior to her motion for leave to amend, Evans pursued only claims of individual disparate treatment. The statistical evidence Evans cites was disclosed in a deposition conducted after the parties voluntarily elected to continue with discovery even though the deadline had passed and the District Court had denied Evans's motion to compel. If Evans wanted to pursue disparate impact evidence, she should have done so before the discovery period ended. Thus, the District Court did not abuse its discretion in concluding that Evans bore some responsibility for asserting a new theory of liability so late and her delay was undue.

B

**\*2** Bolstering its denial based on undue delay, the District Court also found that Evans's proposed amendment to add a disparate impact race discrimination claim would have been futile. The Court determined that Evans could not establish a prima facie case under this theory of liability, which requires the plaintiff to show "that the facially neutral employment practice [that is challenged] had a significantly discriminatory impact." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 120 (3d Cir. 1983) (quoting *Connecticut v. Teal*, 457 U.S. 440, 446, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982) ). Here again, we agree with the District Court.

Evans challenges the City's policy of not considering reconfirmation test results when making termination decisions for employees who test positive for drug use. She argues that this facially neutral practice has a statistically discriminatory impact because the racial composition of officers terminated after initially testing positive for drugs and subsequently requesting a reconfirmation test (80% black and 20% white) differs from the racial makeup of the police department as a whole (33% black and 56% white).

The District Court found that these statistics do not establish a prima facie case of disparate impact discrimination because Evans "misidentifies the relevant comparator pool." *Evans*, 2018 WL 1525346, at \*8. The Court reasoned that because the policy only affects officers who ask for the reconfirmation test, those who requested the second test (rather than the entire police department) should comprise the relevant statistical pool. And because *all* six officers who requested reconfirmation during the relevant period were terminated, there is no statistical disparity for termination outcomes between white and black officers who requested a second test, and, consequently, no prima facie case of disparate impact discrimination. Thus, the Court held that her amendment would be futile.

A district court has discretion to deny a motion to amend if the amendment would be futile. *Fraser*, 352 F.3d at 116. " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same legal sufficiency standard as a Rule 12(b)(6) motion. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Evans failed to establish a prima facie case for disparate impact discrimination: she has not shown that the challenged policy had a significant discriminatory impact because *all* of the officers affected by it (both black and white) were terminated. Thus, the District Court did not abuse its discretion when it denied Evans's motion because the proposed amendment was also futile.

\* \* \*

Because the District Court's denial based on its findings of undue delay and futility was within its discretion, we will affirm its order.

**All Citations**

--- Fed.Appx. ----, 2019 WL 581555, 2019 Fair Empl.Prac.Cas. (BNA) 48,535

**Evans v. City of Philadelphia, --- Fed.Appx. ---- (2019)**
Case 6:18-cv-06591-MAV-CDH   Document 16   Filed 03/06/19   Page 6 of 6
2019 WL 581555, 2019 Fair Empl.Prac.Cas. (BNA) 48,535

---

**End of Document**                                          © 2019 Thomson Reuters. No claim to original U.S. Government Works.