| | |
|---|---|
| **OUTTEN & GOLDEN LLP** <br> Ossai Miazad <br> Christopher M. McNerney <br> Elizabeth V. Stork <br> 685 Third Avenue, 25th Floor <br> New York, New York 10017 | **NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.** <br> Rachel M. Kleinman <br> Alexis J. Hoag <br> 40 Rector St., Fifth Floor <br> New York, NY 10006 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE MANDALA and CHARLES BARNETT, individually and on behalf of all others similarly situated, <br><br>                   Plaintiffs, <br><br>     v. <br><br> NTT DATA, INC., <br><br>                   Defendant. | Case No. 18 Civ. 6591 (CJS) |

### PLAINTIFFS' RESPONSE TO NTT DATA INC.'S
### NOTICE OF SUPPLEMENTAL AUTHORITY AS TO *EVANS*

Plaintiffs respectfully submit this response to NTT Data Inc.'s ("NTT's") Notice of Supplemental Authority, *see* ECF No. 16, as to *Evans v. City of Philadelphia* ("*Evans II*"), --- F. App'x ---, No. 18-1947, 2019 WL 581555 (3d Cir. Feb. 13, 2019).

*Evans* is a narrow opinion that does not provide guidance to the Court on the plausibility of Plaintiffs' allegation that NTT's policy, which screens out applicants with criminal records, has a disparate impact on African Americans, who are statistically more likely to have a criminal record than the general population. *See* ECF No. 1 (Compl.) ¶¶ 52-54.  Here, as with the other cases already cited in its moving and reply briefs, NTT argues for an unsupportable rule that Plaintiffs must prove impact (rather than plausibility) before discovery even commences.  It does

so by patching together select sentences from the *Evans II* opinion devoid of the crucial procedural context.

In fact, the *Evans II* decision supports the argument that it would be premature to rule on the adequacy of Plaintiffs' claims at this stage in the litigation. In *Evans II*, the Third Circuit affirmed a district court's finding that the plaintiff's attempt to add a disparate impact claim for the first time "nearly four months after the close of discovery and nearly a month after [the defendant] moved for summary judgment" constituted undue delay. *Evans II*, 2019 WL 581555, at *1 (citing *Evans v. City of Philadelphia* ("*Evans I*"), No. 16 Civ. 1897, 2018 WL 1525346, at *7-8 (E.D. Pa. Feb. 28, 2018)).[1] Additionally, the evidence in the record—after the completion of all discovery—established that there was no statistical racial impact flowing from the policy at issue, rendering amendment futile. *Evans II*, 2019 WL 581555, at *2. Thus, *Evans* provides no support to NTT at this procedural stage where discovery has not even commenced.

Dated: March 14, 2019
      New York, New York

                                 Respectfully submitted,

                       By: /s/ Ossai Miazad
                          **OUTTEN & GOLDEN LLP**
                          Ossai Miazad
                          Christopher M. McNerney
                          Elizabeth V. Stork
                          685 Third Avenue, 25th Floor
                          New York, New York 10017
                          Telephone: (212) 245-1000

---

[1] The district court also applied a heightened "substantial merit" standard that required the plaintiff to provide "substantial and convincing evidence" due to the completion of discovery and the defendant's filing of a summary judgment motion. *Evans I*, 2018 WL 1525346, at *8 ("[W]hen a party moves to amend the complaint after a motion for summary judgement is filed, courts in this Court have 'imposed stringent standards before granting such motions.'" (citations omitted)).

                **NAACP LEGAL DEFENSE &**
                **EDUCATIONAL FUND, INC.**
                Rachel M. Kleinman
                Alexis J. Hoag
                40 Rector St., Fifth Floor
                New York, NY 10006
                Telephone: (212) 965-2200