| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **NAACP LEGAL DEFENSE &** |
| Ossai Miazad | **EDUCATIONAL FUND, INC.** |
| Christopher M. McNerney | Rachel M. Kleinman |
| Elizabeth V. Stork | Alexis J. Hoag |
| 685 Third Avenue, 25th Floor | 40 Rector St., Fifth Floor |
| New York, New York 10017 | New York, NY 10006 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

GEORGE MANDALA and CHARLES
BARNETT, individually and on
behalf of all others similarly situated,

               Plaintiffs,

   v.

NTT DATA, INC.,

               Defendant.

Case No. 18 Civ. 6591 (CJS)

**PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT IN ITS ENTIRETY AND WITH PREJUDICE**

Plaintiffs respectfully submit this second notice of supplemental authority for *Lee v. Hertz Corporation.*, __ F.R.D. __, No. 18 Civ. 7481, 2019 WL 1434226 (N.D. Cal. Mar. 28, 2019) (attached as Exhibit A). In *Lee*, as here, the defendants urged the court to impose a heightened pleading standard—entirely unsupported by the law—to disparate impact claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and to strike the class action claims. The court in *Lee* found that the plaintiffs' allegations were sufficient to state a plausible violation of Title VII and denied the defendants' motion to dismiss and strike class claims in its entirety. There are compelling similarities between *Lee* and this case and NTT's motion should likewise fail.

First, the *Lee* plaintiffs alleged that the defendants' criminal history adjudication process disproportionately screens out African Americans and Latinos—allegations that were virtually identical to those pled by Plaintiffs here. In denying the defendants' motion to dismiss, the *Lee* court found that the plaintiffs' claims were plausible based on pleadings that: (i) Latinos[1] were arrested and convicted at higher rates than white individuals; and (ii) the defendants' screening policy disqualified applicants with arrests or convictions. *Id.* at *3. The disproportionate arrest and conviction rates of Latinos rendered it "plausible that [the] [d]efendants' Screening Policy has a disparate impact" on Latinos. *Id.* (explaining that "[m]ore is not required from Plaintiffs at the pleading stage"); *cf.* ECF No. 11 (Pls.' Mem. of Law IOT Def.'s Mot. to Dismiss the Class Action Compl. in Its Entirety and With Prejudice ("Opp. Br.")) at 6-14.

Second, in denying the defendants' request to strike the class claims, the court explained that "such motions are rarely successful" and "almost inevitably [are] a less efficient way of moving towards a resolution on the merits." *Lee*, 2019 WL 1434226, at *4; *cf.* ECF No. 11 (Opp. Br.) at 18-24. Unless it is evident from the complaint that "a class action cannot be maintained under Rule 23[,]" the motion should be denied. *Lee*, 2019 WL 1434226, at *4. This Court should similarly deny NTT's motion to strike Plaintiffs' class claims, which can be maintained under Rule 23 as pled.

Dated: May 15, 2019
      New York, New York

                                    Respectfully submitted,

                           By: /s/ Ossai Miazad
                                **OUTTEN & GOLDEN LLP**
                                Ossai Miazad

---

[1] In *Lee*, the African-American plaintiffs brought claims on behalf of African-American and Latino applicants, but the defendant only moved to dismiss and strike claims pertaining to Latinos. *See Lee*, 2019 WL 1434226, at *1 & n.1.

Christopher M. McNerney
Elizabeth V. Stork
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.**
Rachel M. Kleinman
Alexis J. Hoag
40 Rector St., Fifth Floor
New York, NY 10006
Telephone: (212) 965-2200