# Exhibit A

**2019 WL 1434226**
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

Peter LEE, et al., Plaintiffs,
v.
The HERTZ CORPORATION, et al., Defendants.

Case No. 18-cv-07481-RS
|
Signed 03/28/2019

**Synopsis**
**Background:** African-American job applicants brought putative class action against employer, alleging race discrimination in violation of Title VII. Employer moved to dismiss and, in the alternative, to strike.

The District Court, Richard Seeborg, J., held that applicants established prima facie case of disparate impact under Title VII.

Motion denied.

**Attorneys and Law Firms**

Jahan C. Sagafi, Adam Levin Koshkin, Relic Sun, Outten & Golden LLP, Elisa Marie Della-Piana, Keith Lee Wurster, Lawyers Committee For Civil Rights of San Francisco Bay Area, San Francisco, CA, Christopher M. McNerney, Pro Hac Vice, Outten & Golden LLP, for Plaintiffs.

Robert A. Dolinko, Charles M. Dyke, Matthew J. Frankel, Nixon Peabody LLP, San Francisco, CA, for Defendants.

**ORDER DENYING MOTION TO DISMISS AND TO STRIKE CLASS CLAIMS**

RICHARD SEEBORG, United States District Judge

**I. INTRODUCTION**

**\*1** In this putative class action, Peter Lee and Latonya Campbell ("Plaintiffs"), individually and on behalf of others similarly situated, allege the process by which Hertz Corporation and its wholly-owned subsidiary, Dollar Thrifty Automotive Group, ("Defendants") screens applicants for jobs is racially discriminatory and therefore violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, Plaintiffs challenge Defendants' request for information about applicants' past interactions with law enforcement and the criminal justice system and use of that information to make hiring decisions, such as categorically banning employment for individuals with certain convictions or pending charges regardless of when they occurred or the nature of the offense.

Plaintiffs contend Defendants' screening practices are neither job-related nor consistent with business necessity, and disproportionately preclude African Americans and Latinos from obtaining employment with Defendants because these groups have higher arrest and conviction rates than do whites. Defendants move to dismiss Plaintiffs' class claims brought on behalf of Latino putative class members and, in the alternative, to strike, under Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D), such claims and allegations from the Complaint. [1] For the reasons stated below, Defendants' motion is denied.

**II. BACKGROUND** [2]

Plaintiffs allege Defendants have a "*single, uniform* criminal background check procedure that is used for *all* job applicants." (Compl. ¶ 75.) This procedure includes a "Screening Policy" and a "Falsification Policy." (*Id.* at ¶¶ 76, 79.) The Screening Policy "maintains a series of categorical bans to employment for individuals with certain convictions or pending charges regardless of when they occurred and without distinguishing between felonies and misdemeanors ...." (*Id.* at ¶ 76.) This in turn disqualifies any applicant with a "history of conviction or a prosecution pending for a crime, felony or misdemeanor involving assault, violence, sale of controlled substances or theft." (*Id.* at ¶ 77.) Defendants' policy provides no time limit to disqualify applicants based on prior criminal history and applies across all job categories. The Falsification Policy denies employment to any individual who fails to disclose his or her complete criminal history.

Plaintiffs Lee and Campbell are the named parties and are both African American. Plaintiffs received a conditional offer of employment from Defendants, only for them to be subsequently rescinded due to Plaintiffs' prior criminal histories. Defendants informed Lee they rescinded the offer because his criminal history "did not meet the company's 'background qualifications.' " (*Id.* at ¶ 33.) As for Campbell, Defendants told her the offer was rescinded because "Hertz does not hire people with criminal convictions such as hers that, according to Hertz policy and categorization of convictions, involved violence." (*Id.* at ¶ 56.) Moreover, Defendants' policy was not to "hire anyone on probation." (*Id.* at ¶ 60.)

**\*2** In December 2018, Plaintiffs brought a class action suit, on behalf of themselves and others similarly situated, alleging Defendants' screening practices violated Title VII because they are neither job-related nor consistent with business necessity, and disproportionately preclude African Americans and Latinos from obtaining employment with Defendants owing to the higher arrest and conviction rates of those groups as opposed to whites. The class includes "[a]ll African American and Latino applicants for employment in a nonexempt position at a U.S.-based retail Hertz location ("Hertz Stores Job"), who, from November 9, 2013, through the resolution of this action, were denied employment in a Hertz Stores Job based ... in whole or in part on Hertz's policy and practice of denying employment to individuals with criminal histories ...." (*Id.* at ¶ 6.)

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard asks for "more than

a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal quotation marks and citation omitted).

#### B. Motion to Strike

Rule 12(f) permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F.Supp.3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "Nonetheless, the Court may properly grant motions to strike when a defense or a claim is insufficient as a matter of law." *Zep Solar Inc. v. Westinghouse Solar Inc.*, No. C 11-06493 JSW, 2012 WL 1293873, at \*1 (N.D. Cal. Apr. 16, 2012) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ). "[A] ... court shall view the pleadings in the light

most favorable to the pleader." *Id.* If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004). When striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

## IV. DISCUSSION

### A. Motion to Dismiss

 **\*3** Defendants contend the Complaint fails to allege facts regarding any Latinos whose conditional job offers were rescinded based on an unsatisfactory criminal background check, nor any facts indicating Defendants' criminal background check policy and practices had a disparate impact on Latino applicants. Moreover, Defendants assert the named Plaintiffs, as African Americans, are not similarly situated to Latino applicants and so cannot represent them in a class action. Both arguments fail.

To establish a prima facie case of disparate impact under Title VII, Plaintiffs must: "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir, 2002). Plaintiffs need not prove the prima facie elements to survive a motion to dismiss, but must plead the general elements to make a claim facially plausible. *Thomas v. S.F. Hous. Auth.*, No. 16-cv-03819-CRB, 2017 WL 878064, at \*5 (N.D. Cal. Mar. 6, 2017).

Defendants argue Plaintiffs do not specifically allege facts showing any Latinos applied for a job and were denied because of Defendants' background check procedures. Indeed, the only individual examples provided in the Complaint involved African American applicants. The Complaint, however, alleges enough facts to establish a prima facie case of disparate impact. First, Plaintiffs aver Latinos were arrested and convicted of crimes at more than double the rates of whites during the period in question. Second, Plaintiffs allege Defendants' Screening Policy disqualifies all applicants with any history of

a conviction or a prosecution pending for a crime. Since Plaintiffs aver Latinos were arrested and convicted of crimes at more than double the rates of whites, it is plausible that Defendants' Screening Policy has a disparate impact on Latinos by tending to deprive them of employment opportunities because of their race or national origin. Finally, Plaintiffs allege causation by averring Defendants had a single, uniform criminal background check procedure that is used for all job applicants. Any Latino applicant would have been subject to the background check procedure, which included Defendants' Screening Policy, and thereby would have been less likely to obtain employment in light of the disproportionate arrest and conviction rates of Latinos. More is not required from Plaintiffs at the pleading stage. *See Thomas*, 2017 WL 878064, at \*5.

Turning to the named Plaintiffs' ability to represent the putative class, Defendants assert they are not similarly situated to Latino class members such that they cannot represent them in the class context. Defendants note there are no factual allegations indicating that Latino conviction rates were statistically similar to conviction rates for African Americans for the same types of crimes that disqualified the named Plaintiffs. They therefore conclude there are insufficient facts alleged in the Complaint to show Latinos are similarly situated to the African American named Plaintiffs. This is not enough at the pleading stage, however, to demonstrate named Plaintiffs will be unable to satisfy typicality in a motion for class certification under Federal Rule of Civil Procedure 23. Rule 23(a)(3) requires that putative class representatives show "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" "Typicality focuses on the class representative's claim—but not the specific facts from which the claim arose—and ensures that the interest of the class representative aligns with the interests of the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotation marks omitted). "The requirement is permissive, such that representative claims are typical if they are reasonably coextensive with those of absent class members; *they need not be substantially identical.*" *Id.* (internal quotation marks omitted) (emphasis added).

 **\*4** Even assuming arrest and conviction rates for African Americans and Latinos are not identical, Plaintiffs allege they were both significantly higher than for whites such

that African American and Latino applicants were more likely to be denied employment by Defendants by virtue of their race or national origin. Taking the Complaint as true for purposes of this motion, named Plaintiffs' representative claims for disparate impact under Title VII are reasonably coextensive with those of Latino class members. While rarely courts have granted motions to strike class allegations at the pleading stage when it is clear that no class action can be certified, see *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990-91 (N.D. Cal. 2009), the arguments raised by Defendants regarding typicality are more appropriately addressed during a motion for class certification under Rule 23 than through a motion to dismiss under Rule 12(b). *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Defendants' motion to dismiss is denied.

### B. Motion to Strike

Defendants move in the alternative to strike the class claims with regard to Latino applicants under Rule 12(f) and Rule 23(d)(1)(D). Granting or denying a motion to strike lies within the discretion of the court. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). Proceeding with a motion to strike almost inevitably is a less efficient way of moving towards a resolution on the merits. Even if the motion were granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances. While a court has the authority to grant a motion to strike class claims at the pleading stage, such motions are rarely successful. *Lyons v. Bank of Am., N.A.*, No. C-11-1232-CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011); *see also Vinole*, 571 F.3d at 942. In light of the conclusion that Plaintiffs' class allegations survive Defendants' motion to dismiss, their claims are certainly not redundant, immaterial, impertinent, or scandalous under Rule 12(f). Moreover, as discussed above, it cannot be said the Complaint demonstrates a class action cannot be maintained under Rule 23. Defendants' primary reliance on *Houser v. Pritzker*, a ruling on class certification and not on the pleadings, is not to the contrary. 28 F.Supp.3d 222, 227, 241, 245-46 (S.D.N.Y. 2014) (holding remaining named African American plaintiffs could not satisfy typicality to represent a combined class of African American and Latino plaintiffs because African American plaintiffs and Latino plaintiffs would have to rely on separate sets of statistical data to support their claims for disparate impact). Defendants' motion to strike is denied.

### V. CONCLUSION

For the reasons stated above, Defendants motion to dismiss and to strike Plaintiffs' class claims regarding Latino applicants is denied.

### IT IS SO ORDERED.

### All Citations

--- F.R.D. ----, 2019 WL 1434226

### Footnotes

1   Defendants do not argue the Complaint fails to state a claim on behalf of African American putative class members or that any such claims or allegations should be stricken.

2   The factual background is based on the averments in the Complaint, which must be taken as true for purposes of this motion.

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.