| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **NAACP LEGAL DEFENSE &** |
| Ossai Miazad | **EDUCATIONAL FUND, INC.** |
| Christopher M. McNerney | Rachel M. Kleinman |
| Elizabeth V. Stork | Alexis J. Hoag |
| 685 Third Avenue, 25th Floor | 40 Rector Street, Fifth Floor |
| New York, New York 10017 | New York, NY 10006 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

GEORGE MANDALA and CHARLES BARNETT, individually and on behalf of all others similarly situated,

      Plaintiffs,

  v.

NTT DATA, INC.,

      Defendant.

Case No. 18 Civ. 6591 (CJS)

### DECLARATION OF CHRISTOPHER M. MCNERNEY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RULE 26(f) CONFERENCE

I, Christopher M. McNerney, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate at the firm of Outten & Golden LLP ("O&G") in New York, NY. I represent employees in class and collective actions, focusing primarily on wage and hour litigation and discrimination class actions. O&G is a national law firm with offices in New York, San Francisco, Washington, D.C., and Chicago with 60+ attorneys. O&G's practice focuses on representing employees in a wide variety of employment matters, including individual, complex, and class action litigation involving criminal history, discrimination, and wage and hour claims, as well as contract and severance negotiations.

2. I am admitted to practice before this Court. I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of themselves and the putative classes. I

make these statements based on personal knowledge and would so testify if called as a witness at trial.

3. On February 4, 2019, Plaintiffs issued a first set of Requests for the Production of Documents and a first set of Interrogatories directed to Defendant and requested that Defendant meet and confer regarding the planning of discovery pursuant to Federal Rule of Civil Procedure 26(f).

4. On February 7, 2019, NTT responded with its position that "a Rule 26(f) conference and discovery at this juncture is premature," in light of the pending Motion to Dismiss.

5. On February 15, 2019 at approximately 3:00 p.m. Eastern time, the parties met and conferred telephonically to attempt to resolve this issue. I participated in this meet and confer discussion, along with Plaintiffs' counsel Elizabeth Stork and Alexis Hoag, and Defendant's counsel Jessica Pizzutelli.

6. NTT's counsel followed up in an email on February 25, 2019, stating that its position refusing to have a Rule 26(f) conference was unchanged, arguing that it is inappropriate to begin the discovery process until after resolution of Defendant's motion to dismiss.

**Exhibits**

7. Attached as **Exhibit A** is a true and correct copy of correspondence I sent to Defendant's counsel, dated February 4, 2019, enclosing Plaintiffs' first set of Requests for the Production of Documents and a first set of Interrogatories directed to Defendant and requesting that Defendant meet and confer regarding the planning of discovery.

8.  Attached as **Exhibit B** is a true and correct copy of correspondence from Defendant's counsel Jessica F. Pizzutelli, dated February 7, 2019, in response to my letter dated February 4, 2019.

9.  Attached as **Exhibit C** is a true and correct copy of email correspondence from Defendant's counsel Jessica Pizzutelli dated February 25, 2019.

*   *   *

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:   April 26, 2019
         New York, New York.

By: /s/ Christopher M. McNerney

**OUTTEN & GOLDEN LLP**
Christopher M. McNerney
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000