UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE MANDALA and CHARLES BARNETT, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  -against-<br><br>NTT DATA, INC.,<br><br>      Defendant. | Civil Action No. 18 Civ. 6591 (CJS)<br><br>**DECLARATION OF<br>JESSICA F. PIZZUTELLI, ESQ.** |

  I, Jessica F. Pizzutelli, Esq., declare and state as follows:

  1. I am a duly licensed attorney with the firm Littler Mendelson, P.C., attorneys for Defendant NTT DATA, Inc. ("Defendant"). This Declaration is submitted in opposition to Plaintiffs' Motion to Compel a Rule 26(f) conference, and in support of Defendant's Cross-Motion to Stay Discovery.

  2. On August 15, 2018, Plaintiffs commenced this action by filing a "Class Action Complaint" in the United States District Court for the Western District of New York. See Docket No. 1.

  3. On November 13, 2018, Defendant filed a Motion to Dismiss the Complaint. See Docket No. 9.

  4. On November 14, 2018, this Court issued a Motion Scheduling Order, setting April 25, 2019 as the date for oral argument on Defendant's Motion to Dismiss. See Docket No. 10.

  5. Almost four months later, on March 12, 2019, Plaintiffs requested an adjournment of the oral argument date. See Docket No. 17.

6. In response, this Court granted the request and moved oral argument to June 27, 2019. See Docket No. 18.

7. In the meantime, on February 4, 2019, Plaintiffs served Defendant with 17 interrogatories and 41 requests for production of documents. See Docket No. 21-3. Plaintiffs also requested that Defendants consent to a Rule 26(f) conference. Id.

8. On February 7, 2019, we advised Plaintiffs' counsel, via letter to Christopher M. McNerney, that a Rule 26(f) conference and discovery at this juncture was premature, in light of Defendant's pending motion to dismiss which, if successful, would eliminate the need for discovery entirely in this action. See Docket No. 21-4.

9. In a good faith effort, we agreed to engage in a phone conference with Christopher M. McNerney on February 15, 2019 to discuss the issue of discovery in greater detail.

10. Thereafter, on February 25, 2019, we informed Plaintiffs' counsel again, via email to Christopher M. McNerney, Elizabeth Stork, and Ossai Miazad, of Defendants' continued position that a Rule 26(f) conference and discovery at this early juncture is premature, for the reasons stated in the February 7, 2019 letter. See Docket No. 21-5.

11. More than two months passed and then suddenly, on April 26, 2019, Plaintiffs brought the instant Motion to Compel a Rule 26(f) conference. See Docket No. 21.

12. As discussed in detail in the accompanying Memorandum of Law, Plaintiffs' Motion to Compel a Rule 26(f) conference should be denied in its entirety, and discovery in this matter should be stayed pending the Court's decision on Defendant's Motion to Dismiss the Complaint because: (i) Defendant made a strong showing that Plaintiffs' claims lack merit; (ii)

the expansive scope of the discovery requested and burden of responding to same; and (iii) the minimal risk to Plaintiffs should discovery be stayed.

    I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct.

Date:  May 10, 2019
          Fairport, New York

                        */s/ Jessica F. Pizzutelli*
                        Jessica F. Pizzutelli

164254542.1