**OUTTEN & GOLDEN LLP**
Ossai Miazad
Christopher M. McNerney
Elizabeth V. Stork
685 Third Avenue, 25th Floor
New York, New York 10017

**NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.**
Rachel M. Kleinman
Alexis J. Hoag
40 Rector Street, Fifth Floor
New York, NY 10006

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEORGE MANDALA and CHARLES BARNETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NTT DATA, INC.<br><br>Defendant. | Case No. 18 Civ. 6591 (CJS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL RULE 26(f) CONFERENCE AND IN
<u>OPPOSITION TO DEFENDANT'S CROSS-MOTION TO STAY DISCOVERY</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 2

    A. NTT's Arguments to Dismiss the Complaint Do Not Support a Stay. .................... 3

    B. The Discovery Sought is Tailored to NTT's Hiring Policies and Application Processes. ....................................................................................... 7

    C. Plaintiffs Suffer Prejudice from NTT's Obstructionist Tactics. ............................. 8

    D. The Public Interest Supports Compelling Discovery and Denying A Stay. ........... 9

III. CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                       **Page(s)**

*Barella v. Village of Freeport*,
  296 F.R.D. 102 (E.D.N.Y. 2013) ............................................................................................. 8

*Barnes v. County of Monroe*,
  No. 10 Civ. 6164, 2013 WL 5298574 (W.D.N.Y. Sept. 19, 2013) ........................................ 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 7

*Canada v Tex. Mut. Ins. Co.*,
  2019 WL 1399322 (5th Cir. Mar. 26, 2019) ........................................................................... 6

*Ceglia v. Zuckerberg*,
  No. 10 Civ. 569A, 2012 WL 12995531 (W.D.N.Y. June 20, 2012) ...................................... 3

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*,
  236 F.R.D. 113 (E.D.N.Y. 2006) ....................................................................................... 2, 8

*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................................................ 9

*Cole-Hoover v. N.Y. Dep't of Corr. Servs.*,
  No. 02 Civ. 826, 2012 WL 13000661 (W.D.N.Y. Oct. 10, 2012) .......................................... 9

*Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, United Food & Commercial
Workers*,
  No. 13 Civ. 7187, 2014 WL 4384712 (E.D.N.Y. Sept. 3, 2014) ............................................ 7

*Dove v. Atl. Capital Corp.*,
  963 F.2d 15 (2d Cir. 1992) ...................................................................................................... 2

*Escareno ex rel. A.E. v. Lundbeck, LLC*,
  No. 14 Civ. 257, 2014 WL 1976867 (N.D. Tex. May 15, 2014) ............................................ 8

*G.I. Home Dev. Corp. v. Town of Brookhaven, No. 07 Civ. 4115*,
  2008 U.S. Dist. LEXIS 26173, at *2 (E.D.N.Y. Apr. 1, 2008) ............................................... 8

*Giminez v. Law Offices of Hoffman & Hoffman*,
  No. 12 Civ. 669, 2012 WL 2861014 (E.D.N.Y. July 11, 2012) ............................................. 3

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) .......................................................................................... 3, 4

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*,
  298 F.R.D. 184 (S.D.N.Y. 2014) ............................................................................................ 7

*Koenig v. USA Hockey, Inc.*,
   No. 09 Civ. 1097, 2010 WL 4783042 (S.D. Ohio June 14, 2010) ............................................ 5

*Kurgan v. Chiro One Wellness Ctrs. LLC*,
   No. 10 Civ. 1899, 2014 WL 1245053 (N.D. Ill. Mar. 26, 2014) ............................................... 9

*Malibu Media, LLC v. Braun, 14 Civ. 12409*,
   2015 WL 1014951 (E.D. Mich. Mar. 9, 2015) ........................................................................ 9

*Morien v. Munich Reinsurance Am., Inc.*,
   270 F.R.D. 65 (D. Conn. 2010) ................................................................................................ 3

*Moss v. Hollis*,
   No. 90 Civ. 177, 1990 WL 138531 (D. Conn. June 29, 1990) ............................................ 4, 9

*Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust*,
   230 F.R.D. 398 (D. Md. 2005) ................................................................................................ 8

*Laurant v. City of New York*
   *No. 17 Civ. 5740*, 2019 WL 1364230 (E.D.N.Y. Mar. 26, 2019) ........................................... 6

*Porter v. Five Star Quality Care-MI, LLC, 13 Civ. 13855*,
   2014 WL 823418 (E.D. Mich. Mar. 3, 2014) .......................................................................... 7

*S.E.C. v. Wheeler, No.*,
   11 Civ. 6169, 2011 WL 4745048 (W.D.N.Y. Oct. 7, 2011) .................................................... 9

*S.R. v. Kenton Cty. Sheriff's Office*,
   No. 15 Civ. 143, 2015 WL 12977103 (E.D. Ky. Nov. 3, 2015) .......................................... 5, 8

*Schlottmann v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*,
   No. 12 Civ. 692, 2012 WL 3135637 (D. Nev. Aug. 1, 2012) ................................................. 3

*Spencer Trask Software & Information Services, LLC v. RPost International Ltd.*,
   206 F.R.D. 367 (S.D.N.Y. 2002) ............................................................................................ 4

*Thomas v. New York City Department of Education*,
   No. 09 Civ. 5167, 2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) .......................................... 4

*Williams v. Swack*,
   No. 13 Civ. 974, 2015 WL 2237216 (W.D.N.Y. May 12, 2015) ........................................... 9

**Statutes**

28 U.S.C. § 471 ................................................................................................................................ 9

N.Y. Correct. Law § 753(1)(a) ...................................................................................................... 10

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................. 9

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 3

Fed. R. Civ. P. 26(f) ................................................................................................... 1, 2

**Other Authorities**

4 J. Moore, *Federal Practice* § 26.70[2] ....................................................................... 3

*EEOC Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, at 9-10 (Apr. 25, 2012), https://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf ........................................ 10

I.      INTRODUCTION

Plaintiffs George Mandala and Charles Barnett (collectively, "Plaintiffs") submit this memorandum in further support of their Motion to Compel Discovery and in Opposition to Defendant's Motion for a Stay of Discovery. As set forth in Plaintiffs' motion, Defendant NTT Data, Inc. ("NTT" or "Defendant") has not met its heavy burden to demonstrate good cause for a stay of discovery pending a motion to dismiss. Plaintiffs filed their case approximately nine months ago. Without an order compelling NTT to participate in discovery, the prosecution of this case will be delayed for even longer. Meanwhile, NTT "continues to utilize a job applicant screening process that systemically eliminates qualified African American applicants based on their race, color or national origin in violation of Title VII." ECF No. 1 (Compl.) ¶¶ 2, 8. The public interest in addressing the perpetuation of racial discrimination that results from unduly restrictive hiring practices based on criminal justice involvement is great, as is the public policy of New York and the United States to remove barriers to employment for thousands of persons who have paid the penalties for any crimes they may have committed. Both weigh heavily against granting a stay.

Federal Rule of Civil Procedure ("Rule") 26(f) mandates that the parties confer as soon as practicable, and the Federal Rules Advisory Committee instructs that this obligation is "imposed on all parties that have appeared in the case, *including defendants who, because of a pending Rule 12 motion*, may not have yet filed an answer in the case." Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment (emphasis supplied). Thus, NTT's mere filing of a motion to dismiss, without meeting the heavy burden of demonstrating good cause to stay discovery in this case, cannot—and should not—postpone the commencement of discovery under Rule 26(f).

Originally, NTT unilaterally stayed discovery in this case by refusing to engage in the Rule 26(f) meet and confer process, causing Plaintiffs to move to compel Defendant to meet its

discovery obligations.  Only after receiving this motion to compel did NTT seek, through a cross-motion, a stay of discovery that should have begun months ago.  *See* Memorandum of Law in Opposition to Plaintiffs' Motion to Compel a Rule 26(f) Conference and in Support of NTT Data Inc.'s Cross-Motion to Stay Discovery ("Opp. Br."), ECF No. 22-2, at 2.

Having failed to establish good cause, NTT's request for a stay should be denied because Defendant's Motion to Dismiss is unlikely to dispose of Plaintiffs' claims in whole or in part. Plaintiffs' discovery requests are narrowly cabined, and balance Plaintiffs' interest in moving this case forward through some preliminary discovery with NTT's interest in avoiding the production of unnecessary or burdensome discovery.  For these reasons, Plaintiffs respectfully request the Court to grant its motion to compel a Rule 26(f) conference and deny Defendant's cross-motion for a stay of discovery.  Specifically, Plaintiffs respectfully request that the Court issue an order compelling NTT to: (1) engage in the Rule 26(f) process; and (2) produce "discovery regarding the policies at issue in this case and documents referencing the named Plaintiff Mandala."  Plaintiffs.' Memorandum of Law in Support of Plaintiffs' Motion to Compel Rule 26(f) Conference ("Pls.' Br."), ECF No. 21-1, at 10.[1]

**II.      ARGUMENT**

The "black letter law" of district courts in this Circuit is "that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citing cases); *see also Dove v. Atl. Capital Corp.*, 963 F.2d 15, 18-19 (2d Cir. 1992) ("Where . . . the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective

---

[1]    Plaintiffs are specifically seeking: (1) NTT's policies for how it evaluates applicants' criminal history information throughout the class period; and (2) Plaintiff Mandala's applicant file.  The parties can discuss the parameters of these requests during the required Rule 26(f) meet and confer.

order to show good cause." (citation omitted)); 4 J. Moore, *Federal Practice* § 26.70[2], at 461. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990).

NTT bears the heavy burden of "establishing there exists good cause for the request" to stay discovery. *Ceglia v. Zuckerberg*, No. 10 Civ. 569A, 2012 WL 12995531, at *1 (W.D.N.Y. June 20, 2012) (citing *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010)); s*ee also Schlottmann v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.,* No. 12 Civ. 692, 2012 WL 3135637, at *2 (D. Nev. Aug. 1, 2012) (party seeking stay bears "the heavy burden of making a strong showing why discovery should be denied"). Thus, to prevail in staying discovery, NTT must show that it has reasons for seeking a stay beyond what flows from the typical motion to dismiss. As discussed further below, NTT fails to meet its burden.

### A.  NTT's Arguments to Dismiss the Complaint Do Not Support a Stay.

Contrary to NTT's contention in its motion to stay, its arguments in support of its motion to dismiss cannot justify departure from the default rule of allowing discovery to proceed despite the existence of a pending motion. NTT's argument that "[c]ourts regularly stay discovery pending the disposition of a motion to dismiss" is a misrepresentation of the law: the cases cited in support of this position instead illustrate that a stay should not be granted unless the case provides unusual fact patterns not present here. *See* Opp. Br. at 4. In granting a stay in *Giminez v. Law Offices of Hoffman & Hoffman*, No. 12 Civ. 669, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012), the court reasoned that "defendants are residents of California with no contacts in New York," so "[f]orcing them to submit to depositions at this juncture would be burdensome"

3

and discovery "may be subject to the attorney-client privilege." The court in *Thomas v. New York City Department of Education*, No. 09 Civ. 5167, 2010 WL 3709923, at *3-4 (E.D.N.Y. Sept. 14, 2010), held that "plaintiffs have all but conceded that the pleading, as currently drafted, fails to adequately state a cause of action" and "much of the discovery sought by plaintiffs bears little relevance to the claims as currently pled." In *Spencer Trask Software & Information Services, LLC v. RPost International Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), the court noted that it "[could not] attempt to predict the outcome of the motion to dismiss, particularly because it ha[d] not yet viewed plaintiffs' opposition papers"; and reasoned that it "intend[ed] to decide the motion expeditiously and thus the stay w[ould] neither unnecessarily delay the action nor prejudice the plaintiffs." Finally, in *Barnes v. County of Monroe*, No. 10 Civ. 6164, 2013 WL 5298574, at *1–2 (W.D.N.Y. Sept. 19, 2013), a *pro se* matter, the court held that the plaintiff did not demonstrate prejudice where he failed to file an opposition to defendant's motion to stay and had already had extensive access to discovery.

      NTT urges the Court to stay discovery based on its unfounded contention that each of Plaintiffs' claims lack merit. But if such an argument were sufficient, *every* motion to dismiss a complaint in its entirety would lead to a stay, and that is not the standard. *Cf. Gray*, 133 F.R.D. at 40 ("[A] stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion."); *see also Moss v. Hollis,* No. 90 Civ. 177, 1990 WL 138531, at *1 (D. Conn. June 29, 1990) (explaining motion to stay should be denied when claims are not frivolous and moving party does not make a strong showing that motion to dismiss would be successful). "[T]he mere existence of what [NTT] believe[s] to be complete defenses to plaintiffs' claims does not mean that a Rule 26(f)

conference should not be held." *S.R. v. Kenton Cty. Sheriff's Office*, No. 15 Civ. 143, 2015 WL 12977103, at *1 (E.D. Ky. Nov. 3, 2015).

As one district court has explained, "unless the motion raises an issue such as immunity from suit . . . or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Koenig v. USA Hockey, Inc.*, No. 09 Civ. 1097, 2010 WL 4783042, at *6 (S.D. Ohio June 14, 2010). Here, NTT does not (because it cannot) argue that Plaintiffs' claims are frivolous or that it has immunity from suit.

First, Plaintiffs have identified a specific NTT policy that caused a disparate impact: "[D]enying job opportunities to individuals with non-job related convictions," which has a detrimental impact on African Americans because they are arrested and incarcerated at a higher rate than white people relative to their share of the national population. Compl. ¶ 52. Although NTT continues to argue that Plaintiffs' citation to population statistics is insufficient to show that it is ***plausible*** that NTT's criminal history screen disproportionately screens out African Americans, it has not supported its argument with any cases dismissing a complaint alleging a comparable factual showing. *Compare* Defendant's Memorandum of Law in Support of Motion to Dismiss the Class Action Complaint in its Entirety and with Prejudice ("Mot. to Dismiss"), ECF No. 9-3, at 7-11, *with* Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Class Action Complaint in its Entirety and with Prejudice ("Opp. to Mot. to Dismiss"), ECF No. 11, at 9-14.[2]

---

[2] Tellingly, when faced with case law directly rejecting its arguments, NTT responded with irrelevant distinctions and the unfounded assertion that the case was "wrongly decided[.]" Opp. Br. at 6 n.7.

5

Second, Plaintiffs pled specific facts regarding the effect of NTT's policy on the named Plaintiffs, including statements made by NTT to both Plaintiffs that NTT denied them employment because of NTT's criminal history policies. Compl. ¶¶ 33, 48.

Third, Plaintiff Mandala has standing to pursue his state law claims because he suffered a concrete harm: NTT's failure to provide him with a copy of Article 23-A diminished his opportunity to advocate for the job. An alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a "risk of real harm" to that concrete interest. *See* Opp. to Mot. to Dismiss at 14-17.

The two recently-decided cases cited by NTT do not strengthen its case for dismissal or a stay of discovery. In *Laurant v. City of New York*, a single-plaintiff case, the plaintiff failed to allege "any evidentiary facts to demonstrate disparate effect on African Americans through statistics" or indeed "anything more than his bare assertions." No. 17 Civ. 5740, 2019 WL 1364230, at *9 (E.D.N.Y. Mar. 26, 2019), *appeal filed* (2d. Cir. Apr. 30, 2019). In *Canada v Tex. Mut. Ins. Co.*, the Fifth Circuit chided the *pro se* plaintiff for having "amended her complaint seven times, repeatedly engaged in duplicative—and sometimes frivolous—motions practice, impugned the integrity and sought the disqualification of the district court judge, tried to disqualify defense counsel, filed a frivolous interlocutory appeal," and attempted "to voluntarily dismiss her claim because she believes 'the legal proceedings in the United States is racist, supports racism, [and] staffs racist[s].'" No. 18 Civ. 50247, 2019 WL 1399322, at *1 (5th Cir. Mar. 26, 2019). Neither case applies here, where Plaintiffs have presented valid statistical evidence in support of their disparate impact claim and have not engaged in the types of activities described in the *Canada* case.

### B.      The Discovery Sought is Tailored to NTT's Hiring Policies and Application Processes.

In arguing that Plaintiffs' discovery is overbroad and burdensome, NTT raises a host of arguments that would be addressed appropriately through the meet-and-confer process at a later date, but have no place at this juncture. *See* Opp. Br. at 9-10. NTT mischaracterizes Plaintiffs' requests as overly broad and burdensome,[3] and then argues against a strawman: Through this motion, Plaintiffs seek specific, narrowly cabined information, yet NTT utterly fails to explain why it would be overly burdensome for it to begin the discovery process in a limited fashion or produce the specific documents requested.[4]

Rather, NTT relies on generic arguments that the civil discovery process would "drain the parties' resources," without providing the specificity required to sustain its burden to show good cause. *See* Opp. Br. at 10. Conclusory statements like these are "insufficient to establish good cause for staying discovery." *Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, United Food & Commercial Workers*, No. 13 Civ. 7187, 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (citing *John Wiley & Sons, Inc. v. Book Dog Books, LLC,* 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("Where a party objects to a discovery request, the objecting party bears the

---

[3]     Plaintiffs issued discovery requests designed to elicit relevant information about NTT's hiring policies and practices, application processes, and documents referencing the Plaintiffs. *See* Declaration of Christopher M. McNerney in Support of Plaintiffs' Motion to Compel Rule 26(f) Conference, Ex. A, ECF No. 21-3. These requests do not ask for "intimate details" or "sweeping discovery." *Cf.* Opp. Br. at 9-10. NTT's characterization of Plaintiffs' discovery as a "fishing expedition," *id.* at 3, is meant to demean Plaintiffs' attempt to "refocus the attention and efforts of the parties on the speedy and efficient resolution of this suit on the merits." *Porter v. Five Star Quality Care-MI, LLC,* 13 Civ. 13855, 2014 WL 823418, at *3 (E.D. Mich. Mar. 3, 2014). NTT's assertion that Plaintiffs propounded discovery to cover for a "deficient Complaint" is baseless. Opp. Br. at 1. Plaintiffs' detailed, 24-page, class action Complaint is well pled and legally sufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff need only state "enough facts to state a claim to relief that is plausible on its face").
[4]     In fact, in order to meet is obligation to investigate Plaintiffs' claims in good faith prior to moving to dismiss Plaintiffs' Complaint, NTT should already have collected and reviewed this relevant information—and thus it should be easy to produce.

7

burden of demonstrating specifically . . . how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.")); *Barella v. Village of Freeport,* 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production."); *Chesney,* 236 F.R.D. at 115 ("[G]ood cause requires a showing of facts militating in favor of the stay.") (citation omitted).

### C. Plaintiffs Suffer Prejudice from NTT's Obstructionist Tactics.

NTT's ongoing delay in discovery continues to cause significant prejudice to Plaintiffs. Plaintiffs filed their case approximately nine months ago. Argument for NTT's motion to dismiss is scheduled for over a month from now on June 27, 2019, and a decision may not be issued until much later. *See S.R.*, 2015 WL 12977103, at *1 (compelling defendant to engage in Rule 26(f) conference where motion to dismiss had been filed less than two months earlier); *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 14 Civ. 257, 2014 WL 1976867, at *3 (N.D. Tex. May 15, 2014) (same).[5] Meanwhile, NTT "continues to utilize a job applicant screening process that systemically eliminates qualified African American applicants based on their race, color or national origin in violation of Title VII." Compl. ¶¶ 2, 8.

NTT is incorrect when arguing that the loss of valuable, relevant discoverable evidence "do[es] not exist here." Opp. Br. at 12. There is no doubt that, as time erodes, class members

---

[5] NTT takes great issue with Plaintiffs' request for a brief adjournment of the oral argument, because of personal reasons, *see* Opp. Br. at 12, but that request has no bearing on NTT's obligations under Rule 26. Rather, it is NTT that has engaged in tactical delay by refusing to engage in the discovery process despite its obligations absent a stay. *See G.I. Home Dev. Corp. v. Town of Brookhaven*, No. 07 Civ. 4115, 2008 U.S. Dist. LEXIS 26173, at *2 (E.D.N.Y. Apr. 1, 2008) (A "request to defer the initial conference is, in effect, a request to stay discovery."); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust,* 230 F.R.D. 398, 404 n.9 (D. Md. 2005) ("There is no basis in the Local Rules or governing case law for what plaintiff correctly characterizes as defendants['] 'self-imposed stay of discovery.'").

8

may become harder to locate, documents will be more likely to be damaged or destroyed, and witnesses' memories will fade. *See Clinton v. Jones,* 520 U.S. 681, 707-08 (1997) ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *Malibu Media, LLC v. Braun,* 14 Civ. 12409, 2015 WL 1014951, at *2 (E.D. Mich. Mar. 9, 2015) (denying motion for stay pending motion to dismiss because "a stay of discovery may have a prejudicial impact on plaintiff[]" who is entitled to "crucial evidence" that may be destroyed over time); *Williams v. Swack*, No. 13 Civ. 974, 2015 WL 2237216, at *3 (W.D.N.Y. May 12, 2015) (noting that witnesses' fading memories counsels against a stay); *Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10 Civ. 1899, 2014 WL 1245053, at *3 (N.D. Ill. Mar. 26, 2014) (noting a stay could "increase[] difficulty in locating class members as time goes by"); *Cole-Hoover v. N.Y. Dep't of Corr. Servs.*, No. 02 Civ. 826, 2012 WL 13000661, at *4 (W.D.N.Y. Oct. 10, 2012) (denying adjournment where memories will fade and witnesses may become unavailable); *Moss*, 1990 WL 138531, at *1 (denying stay where it would "possibly prejudice [plaintiffs'] ability to obtain relevant information"). These harms, which stem from delayed discovery, disproportionately impact Plaintiffs because NTT is the party in possession of relevant information. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (noting that the plaintiff often "may have very little discoverable information" but "other party may have vast amounts of information"). Thus, the parties must lay the groundwork for discovery now.

    **D.**    **The Public Interest Supports Compelling Discovery and Denying A Stay.**

Finally, as this Court has recognized, the strong interest "of the courts and the public interest weigh in favor of denying" litigation stays. *S.E.C. v. Wheeler*, No. 11 Civ. 6169, 2011 WL 4745048, at *5 (W.D.N.Y. Oct. 7, 2011). "The Court has an interest in the prompt disposition of civil cases." *Id.* (citing 28 U.S.C. § 471 (1991) (establishing a requirement for the

courts to implement a plan "to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes")).  The public interest in preventing society from importing the criminal justice system's racial disparities into the hiring process, as well as the public policy of New York and the Unites States to remove barriers to employment for persons who have paid the penalties for crimes they may have committed, both weigh heavily against granting a stay.

In choosing to implement an overly broad criminal history screening policy, NTT ignores legal precedent on the illegality of broad criminal background checks that aggravate the effects of the discriminatory and disproportionate targeting of African Americans in the criminal justice system.  *See* N.Y. Correct. Law § 753(1)(a) (recognizing "[t]he public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses"); *EEOC Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, at 9-10 (Apr. 25, 2012), https://www.eeoc.gov/laws/guidance/upload/arrest_conviction.pdf (explaining that national data showing blacks are arrested and convicted at higher rates than whites "supports a finding that criminal record exclusions have a disparate impact based on race and national origin").  NTT should not be rewarded for its actions with permission to further resist and delay Plaintiffs' attempts at redress.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court compel NTT to promptly confer with Plaintiffs pursuant to Rule 26(f) and agree to a schedule for appropriately targeted discovery during the pendency of its motion to dismiss, and deny NTT's cross-motion for a stay of discovery.

| | |
|---|---|
| Dated: May 17, 2019 | Respectfully submitted,<br><br>By: _____ |

**OUTTEN & GOLDEN LLP**
Ossai Miazad
Christopher M. McNerney
Elizabeth V. Stork
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.**
Rachel M. Kleinman
Alexis J. Hoag
40 Rector Street, Fifth Floor
New York, NY 10006
Telephone: (212) 965-2783
Facsimile: (212) 226-7592

*Attorneys for Plaintiffs and the Putative Class*