UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE MANDALA & CHARLES BARNETT, *individually and on behalf of all others similarly situated*,

                           Plaintiffs,

-vs-

NTT DATA, INC.,

                           Defendant.

DECISION AND ORDER

18-CV-6591 CJS

_____

## APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Christopher M. McNerney, Esq.<br>Elizabeth V. Stork, Esq.<br>Ossai Miazad, Esq.<br>Outten & Golden LLP<br>685 Third Avenue, 25th Floor<br>New York, NY 10017<br>(212) 245-1000<br><br>Alexis J. Hoag, Esq.<br>Rachel M. Kleinman, Esq.<br>NAACP Legal Defense & Educational Fund, Inc.<br>40 Rector St., 5th Floor<br>New York, NY 10006<br>(212) 965-2200 |
| For Defendant: | Jacqueline Phipps Polito, Esq.<br>Jessica F. Pizzutelli, Esq.<br>Littler Mendelson, P.C.<br>375 Woodcliff Drive, 2nd Floor<br>Fairport, NY 14450<br>(585) 203-3413 |

## INTRODUCTION

**Siragusa, J.** This employment discrimination case is before the Court on Defendant's motion to dismiss Plaintiffs' class action complaint in its entirety pursuant to Fed. R. Civ. P.

12(b)(1) and (6), or 28 U.S.C. § 1367(c)(3),[1] or, in the alternative, to dismiss certain claims and strike Plaintiffs' class allegations pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(f) and 23(d)(1)(D). ECF No. 9. Plaintiffs have cross-moved for an order compelling a conference pursuant to Fed. R. Civ. P. 26(f). ECF No. 21. Defendant cross-moved to stay discovery until the Court has decided its motion to dismiss. ECF No. 22. The Court granted a stay from June 14, 2019, until oral argument and has reviewed the papers submitted in support of the application, and in opposition thereto, and heard oral argument on June 27, 2019. For the reasons stated below, the Court grants Defendant's motion, ECF No. 9, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and denies Plaintiffs' motion, ECF No. 21, to compel a Rule 26(f) conference as moot.

## BACKGROUND

Plaintiffs filed their complaint on August 15, 2018, and have not yet asked the Court to certify the class alleged in the complaint. In the pleading, it is alleged that both named Plaintiffs applied for, interviewed for, and were offered positions in Defendant's company, one in Rochester, New York, the other in Frankfort, Kentucky. Both Plaintiffs are African-American men with criminal convictions. They allege that Defendant is a global information technology services company with 18,000 employees in North America.

Plaintiffs assert three causes of action: (1) Disparate Impact Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* on behalf of themselves and what they label as the "Title VII Disparate Impact Class"; (2) Discriminatory Denial of Employment under the New York Human Rights Law and Article 23-A of the New York

---

[1] "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."

Correction Law on behalf of Plaintiff Mandala and what they label as the "NY Criminal History Discrimination Class"; (3) Defendant's Failure to Provide a Copy of New York Correction Law Article 23-A in violation of New York General Business Law § 380-g(d) on behalf of Plaintiff Mandala and what they label as the "NY FCRA Class." Plaintiff seek injunctive, compensatory, and punitive damages.

## STANDARD OF LAW

### Fed. R. Civ. P. 12(b)(6)

The general legal principles concerning motions under Rule 12(b)(6) are well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly*) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). "The application of this 'plausibility' standard to particular cases is 'context-specific,' and requires assessing the allegations of the complaint as a whole." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Management Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) (citation and internal quotation marks omitted).

### *Fed. R. Civ. P. 12(b)(1)*

Regarding the 12(b)(1) application to dismiss for lack of subject-matter jurisdiction, the standard to be applied in pertinent part is as follows:

> In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citations and internal quotation marks omitted).

### DISCUSSION

Defendant's primary argument is that the complaint fails to state a *prima facie* claim for disparate impact race discrimination. Plaintiffs respond that at the pleading stage, they are not required to plead a *prima facie* case, citing, *inter alia*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), and that their allegations are sufficient to plausibly allege a discrimination complaint under Title VII.

To plead a plausible claim of disparate impact, a plaintiff must allege "that a facially neutral employment policy or practice has a significant disparate impact." *Brown v. Coach Stores*, 163 F.3d 706, 712 (2d Cir. 1998). "To make this showing, a plaintiff must (1) identify a policy or practice, (2) demonstrate that a disparity exists, and (3) establish a causal relationship between the two." *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 160 (2d Cir. 2001)

Plaintiffs allege that Defendant has a "policy and practice of denying job opportunities to individuals with certain criminal convictions including felonies (or similar criminal classifications)." Compl. ¶ 4. From that fact, Plaintiffs then conclude that "[b]ecause African Americans interact with the criminal justice system at much higher rates than Whites, NTT's policy and practice of denying individuals with convictions job opportunities creates a disparate impact on African Americans in violation of Title VII." Compl. ¶ 6.

Plaintiffs cite to the 2012 EEOC Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions under Title VII of the Civil Rights Act of 1964. Compl. ¶ 51. A portion of that guidance states:

> A covered employer is liable for violating Title VII when the plaintiff demonstrates that it treated him differently because of his race, national origin, or another protected basis. For example, there is Title VII disparate treatment liability where the evidence shows that a covered employer rejected an African American applicant based on his criminal record but hired a similarly situated White applicant with a comparable criminal record.

Guidance section IV, Disparate Treatment Discrimination and Criminal Records (endnotes omitted). Plaintiffs rely on statistics from the U.S. Department of Justice, Federal Bureau of Investigation, among other general sources, to allege that "African Americans are arrested and incarcerated for crimes at higher rates than Whites, relative to their share of the national population."

Defendant counters detailing why the use of general population statistics is an invalid rationale on which to base a disparate impact claim. First, the Defendant points out that the complaint does not state whether the statistics cited reflect misdemeanor crimes, felonies, or both. It appears that both Plaintiffs have felony convictions and because of those felony convictions, Defendant withdrew its offers of employment. Compl. ¶¶ 33 &48. Second, Defendant argues that "[t]o use general population statistics to create an inference of disparate impact, the general populace must be representative of the relevant applicant pool." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 798 (D. Md. 2013). In their complaint, Plaintiffs allege that Mr. Mandala applied for a job as a Salesforce Developer and that his hiring letter expressed that Defendant's "'management team was impressed with [his] credentials and experience.'" Compl. ¶¶ 23 & 28. Mr. Barnett applied for the position of web developer to design websites for the Kentucky Department of Education. Compl. ¶¶ 38 & 39. The statistics Plaintiffs cite in the complaint do not indicate whether the individuals in the general population cited shared qualifications that would make them viable candidates for either of the positions offered to Plaintiffs.

Plaintiffs have not alleged facts showing that Defendant's facially-neutral policy of not hiring convicted felons is related to the statistical disparity in the numbers of African-Americans arrested and convicted of crimes in proportion to their representative numbers in the pool of qualified applicants for Defendant's positions. Plaintiffs defend their use of general population statistics citing to language in a sex discrimination case, *Dothard v. Rawlinson*, 433 U.S. 321, 330 (1977): "reliance on general population demographic data was not misplaced where there was no reason to suppose that physical height and weight characteristics of Alabama men and women differ markedly from those of the national population." In contrast, general statistics are inadequate to show a relationship between the

pool of applicants who are Caucasian versus African Americans and their respective rates of felony convictions.

## CONCLUSION

The Court finds that Plaintiffs have not met their burden of pleading a plausible claim of Title VII disparate impact and grants Defendant's motion, ECF No. 9, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Since the Court has dismissed the only federal claim, it declines to exercise jurisdiction over the state claims. 28 U.S.C. § 1367(c)(3). The Court denies Plaintiffs' motion, ECF No. 21, to compel a Rule 26(f) conference as moot. The Clerk is directed to enter judgment for Defendant and close this case.

DATED:	July 17, 2019
	Rochester, New York

	/s/ Charles J. Siragusa
	CHARLES J. SIRAGUSA
	United States District Judge