UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE MANDALA and CHARLES BARNETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>NTT DATA, INC.,<br><br>    Defendant. | Case No. 6:18-cv-06591-CJS<br><br>**DECLARATION OF JACQUELINE PHIPPS POLITO, ESQ.** |

I, Jacqueline Phipps Polito, Esq., declare and state as follows:

1. I am a duly licensed attorney with the firm Littler Mendelson, P.C., attorneys for Defendant NTT DATA, Inc. ("Defendant") in the above-captioned matter. This Declaration is submitted in opposition to Plaintiffs' Motion to Vacate Judgment.

**Procedural History in the Federal Court Action**

2. On August 15, 2018, Plaintiffs commenced this putative class action by filing a Complaint in the United States District Court for the Western District of New York. *See* Dkt. 1. In the Complaint, Plaintiffs asserted a purported claim for disparate impact discrimination under Title VII and two purported claims under New York law. *See id.*

3. On November 13, 2018, Defendant filed a Motion to Dismiss the Complaint. *See* Dkt. 9.

4. Defendant argued in part that Plaintiffs failed to state a claim for disparate impact discrimination because Plaintiffs relied on irrelevant general population statistics and "allege[d] no facts or statistics to support that Defendant's alleged policy actually had a significant adverse impact as applied[.]" *See* Dkt. 9-3 at 9-10.

5. After the parties fully briefed the Motion, the Court heard oral argument on the Motion to Dismiss on June 27, 2019. A copy of the transcript from the June 27, 2019 oral argument is attached hereto as **Exhibit 1**.[1]

6. On July 18, 2019, this Court issued a Decision and Order granting Defendant's Motion to Dismiss. *See* Dkt. 27.

7. In the Decision and Order, this Court explained its reasoning for dismissing Plaintiffs' disparate impact claim as follows:

> Plaintiffs have not alleged facts showing that Defendant's facially-neutral policy of not hiring convicted felons is related to the statistical disparity in the numbers of African-Americans arrested and convicted of crimes in proportion to their representative numbers in the pool of qualified applicants for Defendant's positions… general statistics are inadequate to show a relationship between the pool of applicants who are Caucasian versus African Americans and their respective rates of felony convictions. The Court finds that Plaintiffs have not met their burden of pleading a plausible claim of Title VII disparate impact and grants Defendant's motion.

*See id.* at 6-7. The Court also declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and as such, dismissed the claims. *See id.*

8. On July 19, 2019, this Court entered judgment in favor of Defendant. *See* Dkt. 28.

9. At no time prior to the entry of judgment did Plaintiffs move for leave to file an amended complaint. *See, generally,* Dkt. 11; *see also, generally,* Exhibit 1. Rather, Plaintiffs steadfastly insisted that they had satisfied the requisite pleading standard. *See, generally,* Dkt. 11; *see also, generally,* Exhibit 1.

---

[1] The cover page of the transcript is dated June 27, 2018 (*see* Exhibit 1); however, oral argument for the Motion to Dismiss was held before this Court on June 27, 2019 (*see* Dkt. 25).

10. After the Court issued its Decision and Order dismissing the Complaint and entered judgment in favor of Defendant, Plaintiffs still did **not** move under Federal Rule of Civil Procedure 59(e) or 60(b) to request that the Court allow them to file an amended complaint.

11. Instead, Plaintiffs filed a Notice of Appeal to the Second Circuit on July 24, 2019. *See* Dkt. 29.

12. On September 21, 2020, after the parties fully briefed and argued Plaintiffs' appeal, the Second Circuit issued its Decision affirming this Court's judgment dismissing the Complaint in its entirety. A copy of the Second Circuit's September 21, 2020 opinion is attached hereto as **Exhibit 2**.

13. In the opinion, the Second Circuit confirmed this Court's holding that general statistics were inadequate to state a plausible claim in this case, stating: "Plaintiffs provide no allegations to demonstrate that national arrest or incarceration statistics are in any way representative of the pool of potential applicants qualified for a position at NTT." *See* Exhibit 2 at 17.

14. After the Second Circuit issued its Decision affirming this Court's judgment, Plaintiffs still did **not** file a motion with this Court under Federal Rule of Civil Procedure 60(b) to pursue leave to amend their deficient Complaint at that time.

15. Rather, on October 5, 2020, Plaintiffs filed a Petition for *En Banc* and Panel Rehearing in the Second Circuit. A copy of Plaintiffs' Petition for *En Banc* and Panel Rehearing is attached hereto as **Exhibit 3**.

16. In their Petition for *En Banc*, Plaintiffs requested, for the first time, that the panel alternatively rehear and remand the case to the District Court to allow them to amend the Complaint. *See id.* at 16-17.

17. On February 23, 2021, the Second Circuit issued its Order denying Plaintiffs' request for a rehearing *en banc* as well as an opinion concurring in the Order denying rehearing *en banc*. Copies of the February 23, 2021 Order and the concurring opinion are attached hereto as **Exhibit 4** and **Exhibit 5**, respectively.

18. By denying Plaintiffs' Petition, the Second Circuit effectively denied, in part, Plaintiffs' request for a rehearing to remand this case back to this Court for the opportunity to amend their deficient pleadings.

19. On March 31, 2021, over two and a half years after filing the Complaint and over one year and eight months after the entry of judgment dismissing the Complaint and closing this case, Plaintiffs filed the instant Motion to Vacate Judgment, requesting that this Court vacate its final judgment, which the Second Circuit has already affirmed, so that they may seek leave to file a proposed Amended Complaint. *See* Dkt. 35.

20. This late filing and continued efforts at revitalizing a case that has been dismissed in Federal Court, all while Plaintiffs continue to seek similar relief in State Court is improper.

A. **The Initial State Court Action Filed in 2015**

21. In 2015, the NAACP, who serves as co-counsel with Outten & Golden LLP in this case, sued Defendant and others under a substantially similar theory as the theory presented in this action. Specifically, the NAACP New York State Conference Metropolitan Counsel of Branches commenced a putative class action against Defendant and other entities, styled *NAACP New York State Conference Metropolitan Counsel of Branches v. NTT DATA, Inc., et al.* (Index No. 156382/2015), in the Supreme Court of the State of New York, New York County on or about June 25, 2015 (the "2015 state court action"). A copy of the complaint from the 2015 state court action is attached hereto as **Exhibit 6**.

22. In that complaint, the NAACP asserted that purported bans on hiring due to felony convictions "result[ ] in discrimination on the basis of race, ethnicity, color, and national origin because it imports the racial and ethnic disparities in the criminal justice system into the employment application process" in support of their New York City Human Rights Law claim against Defendant. *See* Exhibit 6 ¶¶ 13, 15. They also attached an identical job description to that complaint as Plaintiffs now seek to attach to their proposed Amended Complaint in the instant action. *Compare* Polito Decl., Ex. 6, Ex. B *with* Pl. Mem., Ex. A, Ex. 1.

23. The NAACP filed an amended complaint in the 2015 state court action on February 16, 2016. A copy of the amended complaint from the 2015 state court action is attached hereto as **Exhibit 7**.

24. On May 31, 2018, the NAACP and Defendant stipulated and agreed that the complaint be dismissed with prejudice. A copy of the Stipulation of Dismissal from the 2015 state court action is attached hereto as **Exhibit 8.**

25. Plaintiffs filed the Complaint against Defendant in the instant action less than three months after the 2015 state court action was dismissed with prejudice.

**B.**     **The State Court Action Filed in 2019**

26. While the appeal was pending in the Federal Court action, on August 16, 2019, approximately one month after this Court issued its Decision and Order dismissing the Complaint, Plaintiff George Mandala ("Mandala") filed another putative class action complaint, styled *George Mandala, individually and on behalf of all others similarly situated vs. NTT DATA, Inc.* (Index No. 654705/2019), in the Supreme Court of the State of New York, County of New York (the "2019 state court action"). In the 2019 state court action, Mandala asserted a disparate impact claim under the New York Human Rights Law and asserted alleged violations

5

of the two state law claims that this Court dismissed in its July 18, 2019 Decision and Order. A copy of the complaint from the 2019 state court action is attached hereto as **Exhibit 9**.

27.     After the Second Circuit issued its Order denying Plaintiffs' request for a rehearing *en banc*, on March 11, 2021, Mandala filed an amended complaint in the 2019 state court action. The amended complaint asserts the same three purported causes of action as Mandala asserted in the initial complaint in the 2019 state court action. A copy of the amended complaint from the 2019 state court action is attached hereto as **Exhibit 10**.

28.     At this time, Mandala is simultaneously pursuing the exact same state law claims in the 2019 state court action as he purports to assert in his proposed Amended Complaint in this federal court action. *Compare* Exhibit 10 (Counts I-III) *with* Pl. Mem., Ex. A (Counts II-IV).

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct.

Date:   May 3, 2021
        Fairport, New York

*/s/ Jacqueline Phipps Polito*
Jacqueline Phipps Polito