UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE MANDALA and CHARLES BARNETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>NTT DATA, INC.,<br><br>Defendant. | Case No. 18-cv-6591-CJS-MWP<br><br>**DECLARATION OF JACQUELINE PHIPPS POLITO** |

I, Jacqueline Phipps Polito, Esq., declare and state as follows:

1.     I am a Shareholder and duly licensed attorney with the firm Littler Mendelson, P.C., attorneys for Defendant NTT DATA, Inc. ("Defendant" or "NTT DATA") in the above-captioned matter. This Declaration is submitted in support of Defendant's Motion to Dismiss the First Amended Class Action Complaint in its Entirety and With Prejudice.

**PROCEDURAL HISTORY**

2.     On August 15, 2018, Plaintiffs commenced this action by filing a "Class Action Complaint" in the United States District Court for the Western District of New York alleging, *inter alia*, on behalf of themselves and "the Title VII Disparate Impact Class" that NTT DATA's alleged "policy and practice of denying employment opportunities to individuals with criminal convictions had a disparate impact on African Americans" in violation of Title VII. *See* Dkt. No. 1, ¶ 110. Plaintiffs brought two additional causes of action under New York state law: discriminatory denial of employment based upon criminal conviction pursuant to Article 23-A of the Correction Law and New York State Human Rights Law on behalf of the "NY Criminal History Discrimination Class" (*id.*, ¶¶ 94, 114-117); and alleged failure to provide a Copy of Article 23-A pursuant to N.Y. Gen. Bus. L. § 380-g(d) on behalf of the "NY FCRA Class." *Id.* ¶¶ 95, 119-124.

3. Defendant filed a Motion to Dismiss Plaintiff's "Class Action Complaint" on November 13, 2018, which included a declaration from Patricia Price. *See* Dkts. 9, 9-1, 9-2, and 9-3. A true and correct copy of Patricia Price's declaration with exhibit (Dkt. 9-1, 9-2) is attached hereto as **Exhibit 1**. Defendant resubmits Ms. Price's declaration in support of the within motion.

4. On July 18, 2019, this Court granted Defendant's Motion to Dismiss holding that Plaintiffs did not meet their burden of pleading a plausible Title VII claim, finding that "Plaintiffs have not alleged facts showing that Defendant's facially-neutral policy of not hiring convicted felons is related to the statistical disparity in the numbers of African-Americans arrested and convicted of crimes in proportion to their representative numbers in the pool of qualified applicants for Defendants positions." *See* Dkt. 27, at 6. This Court also declined to assert supplemental jurisdiction as to Plaintiffs state law claims. *See* Dkt. 27. Judgment was entered the following day. *See* Dkt. 28.

5. Plaintiffs filed a Notice of Appeal on July 24, 2019. *See* Dkt. 29.

6. Plaintiff Mandala then filed a purported Class Action Complaint in the Supreme Court of the State of New York, New York County under Index No. 654705/2019 (the "State Court Action"). *See* NYSCEF Doc. 2. He subsequently filed a First Amended Class Action Complaint in the State Court Action on March 11, 2021. *See* NYSCEF Doc. 6, attached hereto as **Exhibit 2**.

7. The State Court Action includes the "NY Criminal History Discrimination Class" and claims pursuant to Article 23-A of the Correction Law and New York State Human Rights Law (*see* Ex. 2, ¶¶ 71, 87-91; Ex. 3, ¶¶ 85, 101-105) and the "NY FCRA Class" and claims for violations under N.Y. Gen. Bus. L. § 380-g(d). *See* Ex. 2, ¶¶ 86, 106-112.

8. The State Court Action also included, for the first time, claims for the "NYHRL Disparate Impact Class" alleging disparate impact discrimination under New York Human Rights Law. *See* Ex. 2, ¶¶ 84, 95-100.

9. The Second Circuit affirmed this Court's dismissal of Plaintiffs' Complaint on September 21, 2020. In doing so, the Court noted as follows: "In short, if a Title VII plaintiff intends to rely on national statistics to plead a disparate impact claim, she must explain why those statistics can plausibly be expected to hold true for the qualified applicant pool in question. And while we cannot provide a bright line rule for how to make such a showing, the statistics must at least be able to support the plaintiff's claim without resorting to a statistical fallacy." *Mandala v. NTT DATA, Inc.*, 975 F.3d 202, 212 (2d Cir. 2020).

10. Plaintiffs subsequently requested a rehearing *en Banc*, which was denied on February 23, 2021. *Mandala v. NTT DATA, Inc.*, 988 F.3d 664 (2d Cir. 2021).

11. On March 31, 2021, Plaintiffs filed a Motion to Vacate Judgment pursuant to Fed. R. Civ. P. 60 with this Court. *See* Dkt. 35. Plaintiffs' Rule 60 Motion included a proposed Amended Complaint which included, for the first time, a cause of action under the NYHRL for disparate impact, along with a putative NYHRL Disparate Impact Class. *See* Dkt. 35-3, ¶¶ 99, 118-123. *See also* Dkts. 39-3, ¶¶ 99, 118-123; 39-5, ¶¶ 100, 119-124.

12. On December 6, 2021, this Court denied Plaintiffs' Rule 60 Motion. *See* Dkt. 40.

13. Plaintiffs subsequently appealed, and a Second Circuit panel vacated the denial on the procedural quagmire that Plaintiffs created, permitting relief from the judgment because "Plaintiffs have yet to be afforded a single opportunity to amend their pleading." *Mandala v. NTT DATA, Inc.*, 88 F.4th 353, 365 (2d Cir. 2023).

14.     On March 18, 2024, Plaintiffs filed their First Amended Class Action Complaint. *See* Dkt. 49.

15.     The Parties stipulated to allow Defendants until April 17, 2024 to answer, move, or otherwise respond to Plaintiffs' First Amended Class Action Complaint, which was granted by this Court on March 26, 2024.  *See* Dkts. 50, 51.

16.     Defendant now files this timely Motion to Dismiss Plaintiffs' First Amended Complaint.

## THE INSTANT MOTION TO DISMISS

17.     Defendant files the instant motion to dismiss as Plaintiffs' First Amended Complaint fails to correct the deficiencies identified by this Court and by the Second Circuit in their original complaint.

18.     Despite nearly five years of litigation and lawsuits in both state and federal court, the First Amended Complaint still fails to meet its pleading burden.

19.     For the reasons stated in the opinions above, and the reasons more fully set forth in the accompanying Memorandum of Law in Support of NTT DATA's Motion to Dismiss, NTT DATA respectfully requests that this Court grant Defendant's motion and dismiss Plaintiffs' First Amended Class Action Complaint in its entirety, with prejudice, for failure to state a plausible claim for relief (Counts I, II), and for lack of standing pursuant to Rule 12(b)(1) (Count IV).

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct.

Dated:  April 17, 2024
        Fairport, New York

                                            */s/ Jacqueline Phipps Polito*
                                            Jacqueline Phipps Polito