UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE MANDALA,

                               **DECISION AND ORDER**

             Plaintiff,

                               6:18-CV-6591 MAV CDH

       v.

NTT DATA, INC.,

             Defendant
_____

## INTRODUCTION

Plaintiff George Mandala ("Plaintiff") asserts claims of (1) disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, (2) disparate impact discrimination in violation of the New York Human Rights Law ("NYHRL"), and (3) discriminatory denial of employment in violation of the NYHRL and Article 23-A of the New York Correction Law against defendant NTT Data, Inc. ("Defendant"). (Dkt. 49, *see* Dkt. 71 at 9-10, 19).

Plaintiff has filed a motion to compel a conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 16(b). (Dkt. 76). Defendant opposes Plaintiff's motion and asks the Court to award it attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). (Dkt. 81 at 22). For the reasons that follow, both Plaintiff's motion and Defendant's request for fees are denied.

## BACKGROUND

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 48; Dkt. 68). The Court assumes the parties'

Case 6:18-cv-06591-MAV-CDH    Document 86    Filed 01/15/26    Page 2 of 9

familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

Plaintiff commenced this action on August 15, 2018. (Dkt. 1). The matter was originally dismissed in 2019 (Dkt. 28), and the dismissal was affirmed on appeal (Dkt. 34). However, Plaintiff subsequently filed a motion to vacate the judgment and file a first amended complaint. (Dkt. 35). The Court denied that motion (Dkt. 40), but on appeal, the Second Circuit reversed and remanded (Dkt. 46).

On remand, Plaintiff filed the first amended putative class action complaint on March 18, 2024. (Dkt. 49). Defendant moved for dismissal (Dkt. 57), and on July 28, 2025, the Court issued a Decision and Order (the "July 2025 Order") granting in part and denying in part Defendant's motion (Dkt. 71).

On August 11, 2025, Plaintiff sent Defendant a letter "requesting to schedule an initial conference to begin the Rule 26(f) conferral process[.]" (Dkt. 76-1 at 6; Dkt. 76-2 at ¶ 3). The meeting was set for August 27, 2025. (Dkt. 76-1 at 6; Dkt. 76-2 at ¶ 3). However, on August 25, 2025, Defendant filed a motion for reconsideration of the July 2025 Order or, in the alternative, for certification of the July 2025 Order for interlocutory appeal. (Dkt. 72). That motion is currently pending before the presiding District Judge.

On August 26, 2025, Defendant emailed Plaintiff saying that a "meet and confer [was] woefully premature because [Defendant] ha[d] a pending motion with the Court and ha[d] not even filed an Answer." (Dkt. 76-1 at 6 (quotations and original

- 2 -

alteration omitted); *see also* Dkt. 76-2 at ¶ 4; Dkt. 81 at 9). The parties held their scheduled meeting on August 27, 2025, during which Defendant reiterated its position that a Rule 26(f) conference was premature and that the parties need not engage in discovery planning until after a Rule 16 conference. (Dkt. 76-1 at 6; Dkt. 76-3 at 3; Dkt. 81 at 9). On the same day, the Court issued a Text Order holding that "Defendant is not required to file an answer in this matter until after the Court issues its decision on the pending motions." (Dkt. 74).

On September 16, 2025, Defendant emailed Plaintiff, again stating that a meet and confer was premature given that Defendant had not served its answer, no Rule 16 conference was scheduled, and no discovery demands had been served. (Dkt. 76-1 at 6-7; Dkt. 76-2 at ¶ 7). On September 17, 2025, Plaintiff responded, again requesting that the parties conduct a Rule 26(f) conference. (Dkt. 76-1 at 7; Dkt. 76-2 at ¶ 8). Defendant did not respond to this request. (*See* Dkt. 76-1 at 7).

On September 25, 2025, Plaintiff filed the instant motion to compel Defendant "to participate in a discovery planning conference" pursuant to Rule 26(f) and Local Rule 16(b). (Dkt. 76 at 1). Specifically, Plaintiff argues that the Court should compel a Rule 26(f) conference because: (1) "[Defendant]'s second motion to dismiss has been denied" (Dkt. 76-1 at 5) and the motion for reconsideration "does not automatically stay . . . the parties' obligations under Rule 26(f)" (Dkt. 76-1 at 7; *see also* Dkt. 82 at 5); (2) now is a practicable time to hold a Rule 26(f) conference (*see* Dkt. 76-1 at 5); and (3) a stay of discovery is inappropriate here because the motion for reconsideration is unlikely to succeed, the burden of holding a Rule 26(f) conference

upon Defendant is minimal, "it is in the public interest to avoid further delay in the adjudication of [Plaintiff's] important civil rights claims[,] . . . [and a stay] would disproportionately burden Plaintiff[] . . . [who has] the burden [of proof][.]" (Dkt. 76-1 at 9).

On October 10, 2025, Defendant filed its opposition, asking the Court to deny Plaintiff's motion and "award [Defendant] its reasonable expenses, including attorney's fees incurred in opposing" Plaintiff's motion, pursuant to Rule 37(a)(5)(B). (Dkt. 81 at 22). Defendant argues that Plaintiff's motion should be denied because: "(1) [Defendant]'s motion for reconsideration . . . is currently pending; (2) this Court has already ordered [Defendant]'s deadline to file an answer . . . stayed pending resolution of [it]'s Motion; (3) [Defendant]'s Motion sought a stay pending its resolution; and (4) . . . it would be inefficient to address discovery before the threshold legal questions [in this litigation] are reached." (Dkt. 81 at 7 (citations omitted)). Plaintiff filed a reply on October 17, 2025. (Dkt. 82).

## DISCUSSION

### I.  Legal Standard

Rule 26(f) provides that "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days *before a scheduling conference is to be held or a scheduling order is due* under Rule 16(b)." Fed. R. Civ. P. 26(f) (emphasis added). While "Rule 16 typically requires the issuance of a scheduling order 'within the earlier of 90 days after any defendant has been served

with the complaint or 60 days after any defendant has appeared,' a court need not do so if 'finds good cause for delay.'" *Israel v. O'Malley*, No. 24-CV-86-LJV, 2024 WL 5040722, at *1 (W.D.N.Y. Dec. 9, 2024), (citing Fed. R. Civ. P. 16(b)(2)), *appeal dismissed,* No. 24-3284, 2025 WL 882886 (2d Cir. Mar. 12, 2025). Further, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see also Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019).

Courts in this Circuit have held that a pending dispositive motion is good cause to delay issuance of a scheduling order. *See, e.g.*, *Adams v. Credit Acceptance Corp.*, No. 25-CV-410JLS(SR), 2025 WL 1953268, at *3 (W.D.N.Y. July 16, 2025) ("In light of the pending motions to dismiss, which may completely dispose of the case against certain defendants or otherwise narrow the issues in dispute, the Court finds good cause to delay issuance of a scheduling order."); *Weller v. Icahn Sch. of Med. at Mount Sinai*, No. 23-CV-4775 (PKC) (LB), 2025 WL 745992, at *5 (E.D.N.Y. Mar. 7, 2025) ("Plaintiff filed a motion to compel Defendants to participate in a Rule 26(f) Conference. This Court referred the motion to the [magistrate judge who] held a conference on Plaintiff's motion to compel . . . and denied the motion. Discovery is stayed pending the resolution of the motion to dismiss.") (citations omitted); *Israel*, 2024 WL 5040722, at *1 ("Given the pending motion to dismiss, which may completely dispose of the case or narrow the issues in dispute, the Court concludes that such good cause exists. Accordingly, a scheduling order in this case is not

necessary prior to a ruling on the defendants' motion to dismiss.") (citing Fed. R. Civ. P. 16(b)(2)). A motion seeking reconsideration of the decision on a dispositive motion is, itself, dispositive. *See Clark v. N.Y. City Hous. Auth.*, No. 24-CV-1625 (AT) (RFT), 2025 WL 1550067, at *1 n.1 (S.D.N.Y. Apr. 11, 2025), *adopted,* No. 24 CIV. 1625 (AT) (RFT), 2025 WL 1548667 (S.D.N.Y. May 30, 2025); *S.E.C. v. Razmilovic*, No. 04-CV-2276 (SJF) (SIL), 2015 WL 4878482, at 3 n.2 (E.D.N.Y. Aug. 14, 2015).

Local Rule 16(b) provides in part that "[*p*]*rior to the initial pretrial conference*, counsel for all parties . . . shall confer as required by [Rule] 26(f), and shall file with the Court a joint, written discovery plan consistent with [Rule] 26(f)." Loc. R. Civ. P. 16(b)(2) (emphasis added).

## II. Plaintiff's Motion to Compel Rule 26(f) Conference

The Court has not scheduled a Rule 16 conference in this matter, nor does it intend to do so until Defendant's pending motion for reconsideration is resolved. Consistent with case law within this Circuit, the Court finds that Defendant's pending motion for reconsideration constitutes good cause to delay issuance of such an order. The resolution of the pending motion for reconsideration may dispose of or significantly narrow this litigation.

Consequently, the Court finds that "[s]ince a Rule 16 conference has not been scheduled, it is premature to hold a Rule 26(f) conference." *Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 754043, at *3 (S.D.N.Y. Mar. 10, 2025) ("The Court denies Plaintiff's request to compel a Rule 26(f) conference. . . . In addition, the parties may not engage in discovery until the [court] holds a Rule 16

conference and enters a Case Management and Scheduling Order." (citations omitted)), *reconsideration denied,* No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 1196039 (S.D.N.Y. Apr. 22, 2025). "It is equally not 'practicable' to order Defendant[] to participate in a Rule 26(f) conference at this stage of the proceedings. Defendant['s] motion challenges the sufficiency of the complaint and may result in changes to the operative pleading." *Zavala v. Kruse-W., Inc.*, No. 1:19-CV-00239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019).

Plaintiff's argument that discovery has not been stayed (*see* Dkt. 82 at 5) is misplaced. "Discovery cannot be stayed until it is opened. It is not opened until the Rule 26(f) conference occurs." *Id.* Because no Rule 26(f) conference has occurred, nor is it practicable for one to occur at this time, there is no need for a formal stay of discovery. For all these reasons, Plaintiff's motion to compel a Rule 26(f) conference is denied.

### III. Defendant's Request for Attorney's fees

Rule 37(a)(5)(B) provides that if a motion compelling disclosure or discovery is denied, a court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees . . . [but not] if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Substantial justification "is determined by an objective standard of reasonableness and does not require that the party have acted in good faith." *6340 NB LLC v. Cap. One, N.A.*, No. 20-CV-02500-OEM-JMW, 2023 WL

7924176, at *8 (E.D.N.Y. Nov. 16, 2023) (quotation omitted); *see also Gomez–Beleno v. Holder*, 644 F.3d 139, 145 (2d Cir.2011) (providing that a motion "is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." (citation omitted); *Data Collective II, L.P. v. Baron Cap. Mgmt. Inc.*, No. 25-MC-00057 (JAV), 2025 WL 1380122, at *3 (S.D.N.Y. May 13, 2025) ("A motion to compel is substantially justified within the meaning of Rule 37(a)(5) if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). This "rule is mandatory unless one of the conditions for not making an award is found to exist, but these conditions are themselves broad enough that the court retains some discretion in the matter[.]" *Pegoraro v. Marrero*, No. 10 CIV. 00051 AJN KN, 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (internal quotation omitted).

In its opposition, Defendant argues that the instant motion is not substantially justified because "(1) [Defendant]'s Motion [for reconsideration] remains pending; (2) the Court already stayed [Defendant]'s deadline to answer . . .; and (3) [Defendant] had expressly requested a stay of discovery in its Motion." (Dkt. 81 at 22). Plaintiff opposes Defendant's request for fees by arguing that his motion to compel a Rule 26(f) conference is substantially justified because it is supported by proper legal precedent, he waited until the Court resolved Defendant's motion to dismiss to bring the instant motion, and an award of costs would be unjust. (Dkt. 82 at 6-7).

While Defendant is correct that the Court has ordered that it need not file an answer until its motion for reconsideration is resolved, the relevant Order does not

address Rule 26(f) or Local Rule 16. (*See* Dkt. 74). Further, the Court had not previously expressly determined that the pending motion for reconsideration constitutes good cause to delay issuance of a scheduling order. Consequently, Plaintiff had received no specific instructions from the Court prior to issuance of this Decision and Order regarding the parties' obligation to hold a Rule 26(f) conference. The Court has also not found in its own research particularly robust case law regarding these issues in the context of a motion for reconsideration.

As a result, the Court finds that Plaintiff's motion was reasonable, made in good faith, and "not so lacking in substantial justification as to warrant an award of fees[.]" *Callahan v. HSBC Sec. (USA) Inc.*, No. 22-CV-8621 (JPO), 2025 WL 1404492, at *3 (S.D.N.Y. May 15, 2025). Defendant's request for attorney's fees is accordingly denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel a Rule 26(f) conference (Dkt. 76) is denied, as is Defendant's request for attorney's fees (Dkt. 81 at 22).

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         January 15, 2026