UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE MANDALA,

Plaintiff,

v.

NTT DATA, INC.,

Defendant

**DECISION AND ORDER**

6:18-CV-6591 MAV CDH

## BACKGROUND

Plaintiff George Mandala ("Plaintiff") brings this putative class action against defendant NTT Data, Inc. ("Defendant"), asserting claims of: (1) disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) disparate impact discrimination in violation of the New York Human Rights Law ("NYHRL"); and (3) discriminatory denial of employment in violation of the NYHRL and Article 23-A of the New York Correction Law. (Dkt. 49; *see also* Dkt. 71). Plaintiff brings each of these claims on behalf of a putative class. (Dkt. 49 at ¶¶ 99-101). In sum and substance, Plaintiff alleges that Defendant has a "policy and practice of denying employment opportunities to individuals with criminal convictions" which has "a disparate impact on African Americans." (*Id.* at ¶¶ 116, 122).

This case has been referred to the undersigned for all non-dispositive pretrial matters. (Dkt. 48; Dkt. 68). Plaintiff commenced this action on August 15, 2018. (Dkt. 1). The case was originally dismissed in 2019 (Dkt. 28), and the dismissal was affirmed on appeal (Dkt. 34). However, Plaintiff subsequently filed a motion to vacate

the judgment and file a first amended complaint. (Dkt. 35). The Court denied that motion (Dkt. 40), but on appeal, the Second Circuit reversed and remanded (Dkt. 46).

On remand, Plaintiff filed the first amended putative class action complaint on March 18, 2024. (Dkt. 49). Defendant moved for dismissal, or alternatively, to strike Plaintiff's class allegations. (Dkt. 57). On July 28, 2025, the Hon. Meredith A. Vacca, the presiding District Judge, granted in part and denied in part Defendant's motion to dismiss. (Dkt. 71). Judge Vacca also denied Defendant's alternative request to strike Plaintiff's class allegations on the basis that to do so would be "procedurally premature," explaining that Defendant's "motion to strike largely mirrors the inquiry that will occur at the class certification stage but has been filed before the benefit of discovery." (*Id.* at 18) (quotations and alteration omitted). Defendant subsequently moved for reconsideration of the portion of Judge Vacca's decision denying its motion to dismiss. (Dkt. 72). Judge Vacca denied Defendant's motion for reconsideration (Dkt. 88), and Defendant filed an answer on May 22, 2026 (Dkt. 89).

After Defendant filed its answer, the Court set a scheduling conference for July 7, 2026. (Dkt. 90; Dkt. 91). In advance thereof, the parties jointly submitted a proposed discovery plan ("PDP"). (Dkt. 92). In their PDP, the parties noted that they were "at an impasse with respect to the proper scope of discovery and seek the Court's guidance." (*Id.* at 2). The primary issue in dispute was how to sequence discovery in relation to Plaintiff's anticipated motion for class certification.

Plaintiff proposed an initial "seven-month schedule for pre-class certification discovery . . . followed by a period of expert discovery focused on class issues, and then

class certification briefing – and then a subsequent merits discovery period[.]" (*Id.* at 11). By contrast, Defendant took the position that the initial seven-month period should be limited to "fact discovery on individual plaintiff George Mandala's claims." (*Id.* at 2). Defendant asserted that "[d]iscovery on the merits of Plaintiff's individual claims should be conducted initially to limit the need for unnecessary class-wide discovery before Plaintiff establishes that he even has such a claim." (*Id.*). Defendant proposed that "the Court set deadlines for class certification discovery and Plaintiff's Motion for Class Certification after a ruling on any dispositive motion with respect to Mandala's individual claims." (*Id.* at 16).

At the July 7, 2026 scheduling conference, Defendant clarified that it was requesting that the Court bifurcate discovery into an initial phase limited to Plaintiff's individual claims, followed by a phase focused on class-wide discovery. (*See* Dkt. 96 at 13). Plaintiff opposed Defendant's request for bifurcation. (*See id.* at 13-16). The Court permitted the parties to make further written submissions on the issue. (*Id.* at 21-22). The parties made their written submissions on July 20, 2026. (Dkt. 98; Dkt. 99).

Having carefully considered the parties' respective positions, and for the reasons below, the Court denies Defendant's request to bifurcate discovery.

## DISCUSSION

### I. Legal Standard

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207

(2d Cir. 2012). Consistent with this principle, "[b]ifurcation of discovery is a matter within the Court's discretion." *Equal Emp. Opportunity Comm'n v. Hillstone Rest. Grp., Inc.*, No. 22-CV-3108 (JLR) (RWL), 2023 WL 5207988, at *3 (S.D.N.Y. Aug. 14, 2023). "Although the federal rules governing discovery do not expressly reference bifurcation of discovery, Federal Rule of Civil Procedure 26(d) allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case." *Id.* (quotation omitted).

"In considering bifurcation, courts also have invoked the court's power to stay discovery upon a showing of good cause pursuant to Federal Rule of Civil Procedure 26(c)." *Id.*; *see also Hines v. Overstock, Com, Inc.*, No. 09-CV-991 (SJ), 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) (explaining that the defendant's motion to bifurcate discovery was "[i]n effect . . . seeking a stay of 'merits' discovery pending resolution of the class certification issue, pursuant to Rule 26(c)"). Bifurcation can create "an initial round of discovery focused on class certification and a subsequent round focused on the merits," *Urb. v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1138 (N.D. Cal. 2023), but it can also operate as "a stay of class discovery pending resolution of [the named] plaintiff's individual claim," *Chow v. SentosaCare, LLC*, No. 19-CV-3541-FB-SJB, 2020 WL 559704, at *1 (E.D.N.Y. Jan. 23, 2020).

"In the context of putative class actions, good cause [to bifurcate] may be found where the resolution of a single issue may resolve the case and render trial on the other issues unnecessary, or where a narrow, potentially dispositive issue that is totally distinct from class issues has the potential to render the named plaintiff's

claims non-actionable." *Hall-Landers v. New York Univ.*, No. 20-CIV-3250-GBD-SLC, 2023 WL 8113243, at *3 (S.D.N.Y. Nov. 22, 2023) (quotations and alterations omitted). The party seeking bifurcation bears the burden of demonstrating good cause. *Id.*

In addition to Rule 26(c) and (d), "[w]hen assessing bifurcation of discovery, courts look to the same considerations for bifurcation of trial under Rule 42(b)." *Hillstone Rest. Grp.*, 2023 WL 5207988, at *3. Under Rule 42(b), bifurcation may be ordered to "further convenience, avoid prejudice, or promote efficiency"—for example, where "the litigation of the first issue might eliminate the need to litigate the second issue." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).

Ultimately, bifurcation "is the exception, not the rule," and courts should not bifurcate discovery if it "will simply delay class certification or obfuscate the issue of what discovery relates to the class as opposed to the named plaintiff." *Hall-Landers*, 2023 WL 8113243, at *3 (quotations omitted). Additionally, "courts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes." *Hines*, 2010 WL 2775921, at *1.

## II. Defendant's Proposal to Bifurcate Discovery

Defendant seeks to bifurcate discovery into an initial phase focused on the merits of Plaintiff's individual claims, which according to Defendant, "will bear upon the key threshold issues of this case." (Dkt. 98 at 3). Specifically, Defendant asserts that an initial phase of merits discovery will resolve two threshold issues: "(1)

whether NTT DATA had an alleged policy with respect to criminal convictions that was applicable to Mandala; and (2) whether Mandala, who applied to NTT DATA for a position with [Harvard Pilgrim,] an NTT DATA client located in Massachusetts, can assert claims under the NYSHRL or New York's Corrections Law." (*Id.* at 4). Defendant contends that "it was Harvard Pilgrim's criminal convictions hiring criteria that was applied to Mandala's candidacy," and thus, "any alleged disparate impact claim with respect to Mandala, individually, must focus on the Harvard Pilgrim hiring policy, and not the nonexistent NTT DATA hiring policy." (*Id.* at 5). Defendant argues that "discovery on these individualized issues will reveal dispositive facts which could dispose of the claims after discovery." (*Id.*).

Defendant's proposal for bifurcation would entail "an initial discovery phase during which Mandala can discover (1) information regarding the merits of Plaintiff's individual claims . . . ; (2) the details regarding any relevant common policies and practices that applied to the same position as Mandala; and (3) whether those policies and practices were the specific reason for a no hire decision." (*Id.* at 7).

## III. Lack of Good Cause to Bifurcate Discovery

The applicable considerations counsel against granting Defendant's request to bifurcate discovery. First, although Defendant has identified and framed two purportedly threshold issues in terms of their application to Plaintiff, the underlying issues themselves are not "individualized." Rather, they concern whether Defendant has a background check policy regarding criminal convictions and/or to what extent Defendant applies the background check policies of its clients. Discovery as to the

general nature of Defendant's background check policy is relevant to class issues as well as Plaintiff's individual claims. *See Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate discovery where "[m]uch of the discovery sought appears relevant to both the class and individual claims").

Even accepting Defendant's assertion that it "applies the hiring criteria and background-screening requirements established by its individual client," (Dkt. 98 at 3; Dkt. 98-2 at ¶ 6), this merely raises further issues that are relevant to both Plaintiff and the putative classes. As Plaintiff explains, "the question of whether [Defendant] is liable for its evaluation of applicants for employment . . . is a common issue that applies to both Plaintiff and the Class, and it requires common class discovery as to [Defendant's] hiring practices and treatment of applicants." (Dkt. 99 at 10).

Because it appears that discovery relating to Plaintiff's individual claims will have significant overlap with class-related discovery, bifurcation is more likely to "give rise to disputes over whether a particular discovery request relates to the merits or to class certification" than promote efficiency. *Quinn v. Specialized Loan Servicing, LLC*, 321 F.R.D. 324, 327 (N.D. Ill. 2017). And given this overlap, bifurcation will unnecessarily delay any determination as to class certification. *See Gaboriault v. Primmer, Piper, Eggleston, & Cramer, P.C.*, No. 2:24-CV-113, 2024 WL 4527102, at *2 (D. Vt. Oct. 18, 2024) ("[B]ifurcation would delay consideration of class certification. Given the likely overlap between Plaintiff's claims and those of the class, such delay would be unjustified.").

As proposed, granting bifurcation would also require the Court to credit Defendant's characterizations of what "individualized discovery will reveal." (*See, e.g.*, Dkt. 98 at 5-6). For example, Defendant asserts that "individualized discovery will reveal . . . there was no NTT DATA policy regarding criminal convictions." (*Id.* at 5). But at this juncture, "it is premature to engage with the merits of the parties' substantive legal positions." *MacLean v. Wipro Ltd.*, No. CV2003414GCJBD, 2023 WL 3742832, at *3 (D.N.J. May 31, 2023). A defendant's "own belief that it will prevail in summary judgment on individual issues does not warrant bifurcation of discovery." *Id.*; *see also Charvat*, 2016 WL 207677, at *3 ("absent bifurcation, Defendant is still free to seek discovery on the limited issues it believes will result in a prompt resolution of the case and make the appropriate motion at the earliest juncture it chooses").

Similarly, nothing in Rule 26(c) or (d) "contemplates sequencing discovery for tactical advantage to one party over another." *Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2021 WL 4311142, at *3 (E.D.N.Y. Sept. 22, 2021). Defendant's proposal is premised on disputed factual assertions that go to the central allegations in this litigation. Adopting a proposed sequence of discovery that is inextricably tied up with Defendant's substantive legal position risks prejudicing Plaintiff.

The procedural history of this case further counsels against bifurcation. Defendant has already attempted to strike the class allegations in the amended complaint. (*See* Dkt. 57-1 at 27-32). Judge Vacca denied the motion to strike on the ground that Defendant's arguments were more appropriately raised in the context of

a class certification motion and with the benefit of discovery. (*See* Dkt. 71 at 18). Yet the express purpose of Defendant's proposal is to delay class certification and pre-certification discovery in order to "dispose of any claim that an NTT DATA criminal convictions policy . . . could have disparately impacted" Plaintiff. (Dkt. 98 at 5-6). The Court thus shares Plaintiff's concern that bifurcation is merely "an alternative procedural vehicle" to challenge whether this case should proceed as a putative class action. (*See* Dkt. 99 at 5). That question has already been litigated and answered in the affirmative.

Insofar as Defendant's proposed initial phase of discovery would allow for *some* class discovery limited to "individuals who applied for a position with Harvard Pilgrim just like Mr. Mandala during the relevant time period that Mr. Mandala applied" (Dkt. 96 at 11; *see also* Dkt. 98 at 7), the Court has similar concerns. Defendant is not entitled to structure discovery so as to effectively re-define Plaintiff's proposed classes. In denying Defendant's motion to strike Plaintiff's class allegations, Judge Vacca specifically noted that "to the extent Plaintiffs' classes are defined too broadly . . . they may be amended either by Plaintiffs or the court at the class certification stage rather than being stricken by the court pre-discovery." (Dkt. 71 at 18) (quotation omitted).

To the extent the parties disagree about whether particular class-related discovery requests are within the proper scope of discovery, the Court views this as a dispute over relevance. (*See, e.g.*, Dkt. 98 at 8 (Defendant arguing that information responsive to Plaintiff's first set of interrogatories would be "wholly irrelevant" to

Plaintiff's claims). Relevance is an inherent consideration in discovery, irrespective of whether the Court orders bifurcation. *See* Fed. R. Civ. P. 26(b)(1); *see also Chow*, 2020 WL 559704, at *3 (denying motion to bifurcate but cautioning that class-related discovery "must be conducted with an eye to relevance and proportionality and bear some relationship to the claims of the named Plaintiff"). Any dispute regarding the relevance of particular discovery requests may be separately brought to the Court's attention for resolution. The only issue decided by the Court at this time is the preliminary question of bifurcation.

**CONCLUSION**

For the foregoing reasons, Defendant's request to bifurcate discovery is denied.[1] The Court will otherwise take the parties' PDP under advisement and enter an appropriate scheduling order in this matter.

SO ORDERED.

Colleen D. Holland
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: September 11, 2026
Rochester, New York

[1] To the extent Plaintiff's position in the PDP can be read as seeking bifurcation with class discovery proceeding first, Plaintiff did not make an argument for such a procedure in its July 20, 2026 submission. (*See* Dkt. 99). In any event, for the reasons discussed herein, the Court finds that merits discovery and class discovery are intertwined and that bifurcation of discovery in either direction is not warranted.